Lucille Aldine **DEGE** and Ernest Dege, Appellants,

v.

**UNITED STATES** of America, Appellee.

Lucille **DEGE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 17805, 17806.

United States Court of Appeals Ninth Circuit.

Sept. 21, 1962.

Harry D. Steward and Mary E. Harvey, San Diego, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, and Elmer Enstrom, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

This is another case involving the smuggling of psitticine birds from Mexico to the United States.

Appellants, husband and wife, were jointly indicted on August 21, 1958, in the United States District Court for the Southern District of California, Southern Division (No. 27809), charged with conspiracy to so smuggle between October 1957 and March 1958 (an alleged violation of 18 U.S.C. §§ 371 and 545). The district court dismissed the indictment as to both defendants on the ground that husband and wife were legally incapable of so conspiring under § 371. The Supreme Court reversed (364 U.S. 51, 80 S.Ct. 1589, 4 L.Ed.2d 1563). The defendant Lucille Dege was reindicted in February 1961, charged with the last overt act named in the previous conspiracy count, i. e., receiving, concealing and facilitating the concealment of 389 psittacine birds on March 7, 1958, knowing them to have been illegally imported (an alleged violation of 18 U.S.C. § 545). The new action was consolidated with No. 27809, and both actions tried before one jury, which convicted both defendants; Lucille Dege on two counts and Ernest Dege on one.

We note that neither after the government's case was completed below, nor after the defense and rebuttal had closed, were motions for acquittal made. Nor was there any objection to the instructions given,[1] nor any other matter raised by motions at that time. No motion for new trial was urged on the trial judge.

Appellants now state as "the question presented": Were so many errors committed by the trial court in ruling upon the admissibility of evidence, that the cumulative effect of these errors upon the jury was so great as to deprive appellants of their constitutional right to a fair trial? Our answer is "no."

These errors are listed as follows:

I

The admission in rebuttal of an alleged telephone conversation between appellant Lucille Dege and Customs Inspector Freeman.

Appellants concede that when the defense of entrapment is raised (as it was in this case) the government may inquire into prior acts and conduct of a defendant to show reasonable grounds for belief an illegal act was subsequently committed. Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. Appellants cite Wigmore to prove that "when the person first calling up [on a telephone] is the very one to be identi-

---

1. The jury was thoroughly instructed on the defense of entrapment.

fied, his mere purporting to be 'A' " is insufficient identification as to "A" to permit the introduction of the conversation into evidence. Such statement does not accurately state the government's position here. The government relies on "the substance of the communication itself" as being sufficiently corroborative of identification to constitute prima facie proof thereof. Jarvis v. United States, 1 Cir., 1937, 90 F.2d 243, certiorari denied, 302 U.S. 705, 58 S.Ct. 25, 82 L.Ed. 544; Van Riper v. United States, 2 Cir., 1926, 13 F.2d 961, 968.

■ This exception to the general rule is recognized by appellants (Br. 23), but they assert it is inapplicable because there are "no closely related circumstances." We disagree. Mrs. Dege was (as the woman on the telephone stated herself to be): (a) in the bird business; (b) located in El Cajon, California; (c) owner of a four-door 1954 Cadillac sedan automobile; (d) in possession of knowledge on August 18, 1956, that her said four-door Cadillac sedan had on the previous day, August 17, 1956, in Jacumba, California (near the Mexican border), been found with "birds" in it. These are sufficiently "closely related circumstances" to make the question of the admissibility of the alleged conversation with a person making the representations a matter of discretion resting with the trial judge. In exercising that discretion, "the trial judge possesses wide latitude in the determination of the relevancy or materiality of evidence and his ruling cannot be reversed in the absence of an abuse of discretion." Wilson v. United States, 9 Cir. 1957, 250 F.2d 312, 325. We hold there was no abuse of discretion here.

## II

■ Permitting on cross-examination the asking of a question with respect to Lucille Dege's knowledge of the alleged fact that "birds had been found by the Customs authorities in your 1954 four-door Cadillac sedan on August 17, 1956, in Jacumba, California." The witness replied she "had heard so the next day."

This question, in view of defendant's defense of entrapment, was proper. It was her answer that proved it hearsay as to her; the question did not ask for hearsay information. Mrs. Dege was permitted to explain the reason she had permitted someone else, to use her automobile. This explanation established as true the fact the question assumed; i. e., that illegal birds had been found in her automobile near Jacumba, California, fourteen months prior to the beginning of the charged conspiracy. The answer established the good faith of the questioner. It was not a mere fishing expedition, or worse, a misstatement of fact by a prosecutor incapable of being proved or disproved. We find no error in asking it.

## III

■ Permitting on recross-examination a renewed reference to an alleged telephone conversation; a matter explored on cross-examination, but not touched upon redirect-examination.

If this be error, it undoubtedly occurs in ninety-five per cent of law suits tried! Here no objection was made to the original question. We assume counsel for the defendant knew what their client's answer would be. She denied the conversation. Then when questioned in further detail about the alleged question, an objection was made. Without passing on the lack of timeliness of defense counsel's objection, we have ruled, supra, on the admissibility of the rebuttal evidence relating to this question. The questions here asked are merely laying a part of the proper foundation for such impeaching rebuttal testimony. We find no error.

## IV

Several "relatively unimportant" errors in the admission of testimony given by Larry Bryan, which cumulatively prejudiced the defendants.

This refers to four questions asked on cross-examination of the witness Larry Bryan. Two were answered and the answers allowed to stand; and two questions were asked to which the objection

of irrelevancy and outside the scope of direct examination was made, and was upheld. Each ruling might well have gone the other way, but each falls within the large discretionary area accorded to trial judges. We find no error; and clearly, no prejudicial error.

Further error is claimed (V) in the use by the government prosecutor of several leading, argumentative and suggestive questions of the witness James Miller; (VI) in sustaining an objection to a question asked of the witness Jerry Carrol; (VII) in failing to sustain an objection to one question asked of the witness Bryan purporting to rebut evidence developed by defense counsel in questioning Carrol; (VIII) in admitting testimony of Agent Spohr purporting to impeach Jerry Carrol.

We will not burden this opinion by listing the methods used by the prosecutor in attempting to revive the failing memory (a) of a witness from whom the government had previously obtained a written statement inconsistent with his then testimony; (b) of another witness (Carrol) whose testimony was, to say the least, remarkably hazy. The witnesses were young men at the delayed time of trial; they were younger, of course, when the events occurred.

It is axiomatic that one of the best defenses in criminal matters, if no other exists, is to try the police officers or the witnesses who have turned state's evidence. Any such attempt is bound to involve questions as to the admissibility of alleged impeaching, or "shoreing-up", questions. Suffice to say that we are satisfied there was no prejudicial error committed by the court in ruling on any of such matters herein mentioned, nor did any or all of them prevent a fair trial.

## IX

■ Error was claimed in excluding a question calling for a conclusion of the witness Lohman.[2] Objection was made, and sustained. The ruling was proper.

Finally, defendants urge that it was error to refuse to strike an answer given by the witness Yvonne Ladd. In the context of the previous testimony given by her, we find no error.

There here exists, in our opinion, no reasonable probability that any of the claimed "minor errors" may have affected the jury's verdict, either singly or accumulatively. Appellants received a fair trial. The judgments are, and each is, affirmed.

---

2. "Q. Now, as a consequence of Mrs. Dege's being arrested on March the 7th of 1958, Mr. Albert Bryan has not returned to jail, has he?"