**Joseph Daniel HOLT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21474.**

United States Court of Appeals
Fifth Circuit.

March 12, 1965.

Garland T. Byrd, Butler, William T. Brooks, Atlanta, Ga., for appellant.

F. D. Hand, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, MOORE * and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

This appeal is from a judgment of conviction entered on a three count indictment charging Holt with having transported a stolen Chevrolet automobile from Dallas to Atlanta on July 18, 1962, with having sold it in Atlanta on the same day, and with having also transported a Ford automobile, received in trade for the stolen Chevrolet, from Atlanta to Dallas. Title 18 U.S.C.A. §§ 2312, 2313. The sole issue presented

turns on whether the District Court erred in having excluded proffered evidence.

The critical question in the case was the identification of appellant Holt. The evidence showed that ninety six title certificate blanks had been stolen in February 1962 in Idabel, Oklahoma. On July 18, 1962, a person representing himself to be Earl Albert Boyd sold a 1960 Chevrolet which had been stolen in Dallas to Adams Motors in Atlanta. Boyd obtained a 1955 Ford and a check in the amount of $1,082.15 in exchange therefor. The check was endorsed by Boyd and the proceeds paid to him. He established ownership of the Chevrolet with a title certificate which was one of the group stolen in Idabel. The proprietor of the motor company in Atlanta and his salesman both identified appellant Holt as the man with whom they had dealt. The Ford received in exchange was sold in Dallas on August 11, 1962 by a man calling himself Boyd. Again ownership was established with one of the Idabel title certificates. The purchaser in Dallas also identified appellant Holt as the seller.

The defense was based on mistaken identity. An Oklahoma city contractor testified that during part of July 17, 18, and 19, 1962 he had been with appellant in Oklahoma City working on plans to construct an apartment building on land owned by appellant. Documentary evidence tending to corroborate this testimony was introduced, and it was also corroborated by the testimony of Mrs. Holt. Moreover, Mrs. Holt also testified that appellant was bedridden in Oklahoma City on August 11, the day it was claimed he sold the Ford in Dallas, as a result of an automobile accident in Oklahoma City on August 8, 1962.

Appellant attempted to introduce evidence showing that he had twice before been identified as the person involved in similar sales wherein the name Earl Albert Boyd was used by the seller of the stolen automobile, and wherein certificates of the group stolen from Idabel

* Of the Second Circuit, sitting by designation.

were used. In particular, appellant proffered the testimony of an agent of the Federal Bureau of Investigation who had worked on the series of stolen automobile sales involving the use of the Idabel certificates. His testimony, taken outside the presence of the jury, was to the effect that appellant had been positively identified as the Earl Albert Boyd who sold a stolen automobile in Phoenix using one of the Idabel certificates, and that thereafter the charge was dismissed for "insufficient evidence." He stated that he was present at a removal hearing in the United States Commissioner's office in Oklahoma City on December 6, 1962 involving the Phoenix charge, and that the positive identification took place there. He thus knew of his own knowledge of the identification of appellant as Boyd and of the use of the certificate. His file demonstrated that the charge was later dismissed for "insufficient evidence." The testimony of this agent went further to show that his files indicated that one of the certificates had been used by a person identified as appellant in the sale of a stolen automobile in California. However, this occurrence in California took place on December 6, 1962, the very day that appellant was with the agent at the hearing in the United States Commissioner's office in Oklahoma City on the Phoenix charge, and thus the agent knew of the impossibility of appellant having been involved in California. The California charge was a state prosecution but the agent offered to testify that the charge was dismissed.

The District Court, on objection by the government, excluded the testimony of this agent on the ground that it was irrelevant to the issue on trial. The court's ruling, in pertinent part is as follows:

" * * * I think if you can show that about this time * * * there was a man operating in Arizona and California, and using this name, and that he resembled this defendant, and * * * it was later determined that it was not this defendant but somebody who resembled him, then that would be a circumstance that this jury might consider."

Upon appellant's counsel stating that such was the purpose of the proffer, the court stated:

" * * * all you have managed to do so far, is to show that in two instances where this person, this man had been positively identified by some witness, that the cases had been dismissed * * * I don't think that has the slightest relevancy here * * *."

The statement of the legal principle with regard to admissibility, as distinguished from the ruling to exclude the evidence, was correct. While we find no federal authority to this effect, there are two well reasoned state Supreme Court opinions on the subject which we find persuasive. In Commonwealth v. Murphy, 1933, 282 Mass. 593, 185 N.E. 486, the principle was recognized and applied that where the identity of a defendant is an important issue in a prosecution for a crime, evidence showing that another person similar in appearance to the defendant was committing similar crimes at about the same time, and that one person had mistakenly identified the defendant as such criminal is admissible. The court limited the admission of evidence of this character to instances where it was not too remote in time, nor too weak in probative quality, and where it was so connected with the act forming the issue on trial as to indicate a relevant relationship.

In State v. Bock, 1949, 229 Minn. 449, 39 N.W.2d 887, the court noted the general rule that evidence of separate and independent crimes is inadmissible in the trial of a defendant on a criminal charge, and the exception to that rule that evidence of separate and independent crimes closely connected in time, place and manner is admissible to show a common scheme or plan or to identify defendant as the one who committed the crime with which he has been charged. Then an additional exception was spelled out to the effect that a defendant on trial

for the commission of a crime, in order to negative his guilt, may show that other crimes of a similar nature have been committed at or about the same time by some person other than himself. See also 2 Wigmore on Evidence 3d ed., §§ 304, 341.

■■ Having in mind then this legal principle, we must next consider whether the District Court erred in excluding the proffered evidence. And in doing so we must be guided by the rule that a trial judge has wide latitude in the admission or exclusion of evidence where the question is one of materiality or relevancy. Dege v. United States, 9 Cir., 1962, 308 F.2d 534; Wilson v. United States, 9 Cir., 1958, 250 F.2d 312. However, it is also the rule that where the proffered evidence is of substantial probative value, and will not tend to prejudice or confuse, all doubt should be resolved in favor of admissibility. United States v. Matot, 1 Cir., 1944, 146 F.2d 197; Griffin v. United States, 1950, 87 U.S.App.D.C. 172, 183 F.2d 990.

■ In the light of these rules, and of the standard announced, it is our view that the District Court failed to apply the standard to the evidence that was excluded. The proffered testimony went beyond a mere showing that appellant had twice previously been charged with similar crimes and that the charges had been dismissed. It tended to show, or at least was sufficient to permit the jury to draw an inference, that appellant had been the victim of mistaken identity in the Arizona and California cases, and that the cases had been dismissed for that reason. Witnesses in both states had positively identified appellant as the guilty party. In both sales, ownership of the stolen automobiles had been established by using the stolen Idabel, Oklahoma, title certificates, and in Arizona, the name Earl Albert Boyd had been used.[1] In each case, prosecution was discontinued. The jury might have inferred that this was because of insufficient evidence as to identity. Certainly this was true with respect to the California case, since the proffered testimony established that appellant was in the United States Commissioner's office on the very date he was supposed to have sold a stolen car in California. Thus, the evidence tended to support appellant's contention that there was another man who resembled him who was selling stolen cars through use of the Idabel certificates. The fact that appellant had been mistakenly identified as the man guilty of prior similar crimes was relevant to his contention that he was similarly the victim of mistaken identity in the present case.

The District Court thought it necessary for appellant to go further and show that it was later determined that it was not he but some other man who resembled him who was in fact guilty of the prior thefts. We think it was sufficient for appellant to show that he had been positively and mistakenly identified in other sales which involved the Idabel certificates and which were closely connected in time and circumstances to the Atlanta and Dallas sales in issue. In these circumstances, the evidence was relevant, and of substantial probative value. The jury should have been allowed to consider it on the question of identity, and its exclusion was error.[2]

■ Nor can we say that the error was harmless within the meaning of 28 U.S.C.A. § 2111, and Rule 52, F.R.Crim. P. See Kotteakos v. United States, 1946, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557; Steere Tank Lines, Inc. v. United States, 5 Cir., 1963, 330 F.2d 719; and Mole v. United States, 5 Cir., 1963, 315 F.2d 156. The question as to the identity of appellant was close. Appellant was

1. The record is unclear on whether this name was also used in California.

2. In the trial court, the government interposed a further objection that the proferred testimony of the federal agent was based in whole or in part on hearsay. The trial court did not rule on this objection and we do not consider it, since appellant's trial counsel offered in the lower court to fully substantiate the agent's testimony through properly, authenticated documents.

first identified by the three witnesses for the prosecution from a picture circulated to them some thirteen months after the transactions in question. Appellant's alibi was supported by the testimony of his wife and the Oklahoma contractor. The excluded evidence was vital to his defense, and might well have tipped the balance.

Reversed and remanded for further proceedings not inconsistent herewith.