Jimmy Carl **HAGGERTY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45871.

Court of Criminal Appeals of Texas.

March 28, 1973.

Jerry L. Calhoon, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Pete Menefee, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is the sale of LSD;[1] the punishment, five (5) years.

Appellant's first ground of error relates to the overruling of his first motion for continuance based on the absence of a witness.

In Massoletti v. State, 165 Tex.Cr.R. 120, 303 S.W.2d 412, we were confronted with a similar situation and concluded, as we do here, that:

"We find no affidavits of the missing witnesses as to what their testimony would have been attached to the motion for new trial, nor do we have any showing under oath as to why the same had not been secured before the motion was filed. One of these is requisite in order

1. See also Haggerty v. State, Tex.Cr.App., 490 S.W.2d 858.

to successfully complain on appeal of the failure of the court to grant a motion for continuance."

Appellant's first ground of error is overruled.

Appellant's second and third grounds of error relate to the admission of an alleged extraneous offense.

 Appellant first complains of a nonresponsive answer of a State's witness. Appellant objected and requested an instruction to the jury to disregard the answer. Then, without securing a ruling on either his objection or his requested instruction, he quickly moved for a mistrial. Appellant's failure to pursue his request for an instruction to a ruling did not properly preserve the ground for review. A prompt instruction to disregard an unresponsive answer is usually sufficient to cure error, if any. Noble v. State, Tex. Cr.App., 402 S.W.2d 758.

Appellant also complains that the State's chemist witness was permitted to testify that mescaline was a dangerous drug which produces hallucinations. Appellant did not object to the chemist's testimony until after the question concerning the drug had been asked, answered, and another asked. A prompt objection is required to preserve a point for review. Webb v. State, Tex.Cr.App., 480 S.W.2d 398.

Appellant's second and third grounds of error are overruled.

Appellant's fourth ground of error complains, without citation of authority, that the chemist witness was permitted to answer the question, "What is the effect LSD has on the person taking it?" The court sustained the first objection because a proper predicate had not been shown. The witness was then permitted to testify that from his "research and what he had read" he found that it sometimes affected people very badly and sometimes it had no effect at all.

It would appear that this Court has decided this contention adversely to appellant in Beal v. State, Tex.Cr.App., 432 S.W.2d 94.

Finding no reversible error, the judgment is affirmed.