**Donald Robert BURKE, III, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–81–247–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 27, 1982.

Allen Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for aggravated rape of a child. The jury found the appellant guilty of the offense and assessed his punishment at fifty years. Appellant asserts five grounds of error. Finding no reversible error, we affirm the conviction.

We summarize the facts for clarity. The complainant, who was then sixteen years of age, was waiting for a bus at Hillcroft and Beechnut on July 27, 1979, when she was ordered to get into a car by her assailant.

He told the complainant that he had a knife and proceeded to drive her to a deserted place at the back of a parking lot where he raped and threatened to kill her. He then let her out at Beechnut and Hillcroft. The next day, the complainant helped the police prepare a composite picture of her assailant. On November 14, 1980, the complainant saw the appellant walking down a public street and recognized him as the man who had raped her. She identified appellant in a line-up on the next day. She identified the composite picture as a true and accurate representation of the man who raped her. She also made an in-court identification of appellant. The principal issue at trial was the identification of appellant as the rapist.

In ground of error one, appellant complains, by bill of exception, of the exclusion of the opinion testimony of Dr. Kenneth R. Laughery, a professor of psychology. Appellant in order to impeach the credibility of the complainant's identification of appellant as the rapist sought to introduce opinion testimony based on time delay studies and hypothetical questions. The proffered opinion testimony sought to establish a decline of correct recognition of faces and a higher likelihood of identification error by the complainant because of the passage of time between the offense and the actual identification of the appellant. Appellant had introduced evidence that he was a frequent customer of the Kips restaurant where the complainant worked as a waitress at the time of the rape. There was no direct evidence the complainant had ever seen or waited on appellant or had ever been present in the restaurant at the same time as appellant. The complainant testified unequivocally that she had never seen appellant before or after the attack on July 27, 1979, until she identified him on a public street some 15 months later. Appellant contended complainant may have seen him at Kips prior to the rape and thereafter by psychological mistake, erroneously identified him 15 months later on the street as the rapist. The excluded proffered testimony was presented by Dr. Laughery as an expert in psychology and was designed to impeach the credibility of the complainant's identification. Although the question is not easily resolved, we believe the psychological expert opinion evidence offered by appellant is similar to and of the same type evidence as expert psychiatric opinion testimony. Psychiatric testimony is inadmissible for impeachment purposes in Texas as the Court of Criminal Appeals stated in *Hopkins v. State,* 480 S.W.2d 212, 220 (Tex. Cr.App.1972):

> After giving the matter careful consideration, we have decided to align our law with that of those jurisdictions which do not permit psychiatric testimony for impeachment. While we realize the law cannot remain static in a world of ever-increasing knowledge, we do not feel that the benefits, if any, to be gained from the admission of such testimony are sufficient to offset the potential for abuse and other disadvantages which such a rule would undoubtedly generate.

■ The court further stated that its principal fear in this regard is "that the admission of psychiatric testimony will often cause the trial to become not only a trial of the defendant, but also a trial of the witness." *Id.* at 220. The state of psychiatry, the Court of Criminal Appeals went on to say, is more an art than a science as it is often inexact:

> In view of this nature, the benefit to be gained by the jury would quite probably be slight. Often the jury would be subjected to conflicting witnesses and inexact opinions, the value of which would be minimal in enabling the jury to decide the issue of credibility.

*Hopkins v. State, supra* at 221. "We fail to perceive the benefit to be gained from an 'amateur's voyage on the fog-enshrouded sea of psychiatry.'" *Id;* see also *James v. State,* 546 S.W.2d 306, 311 (Tex.Cr.App. 1977). Similarly, we hold the psychological opinion testimony offered in the instant case is not admissible for impeachment purposes and was properly excluded by the trial court.

Appellant cites *Haggerty v. State,* 491 S.W.2d 916 (Tex.Cr.App.1973), and *Knoep-*

*pel v. State,* 382 S.W.2d 493 (Tex.Cr.App. 1964), as authority for the admission of such psychological opinion evidence to impeach the credibility of complainant. We do not consider either case authoritative on the subject. *Haggerty* was a conviction for the sale of LSD. The Court of Criminal Appeals in that case, on authority of *Beal v. State,* 432 S.W.2d 94 (Tex.Cr.App.1964), upheld the admissibility of the question and answer of the State's chemist witness as to the effect LSD has on the person taking it. *Beal v. State, supra,* was an appeal for unlawful possession of barbiturates. The court there held the testimony of a chemist as to the hypnotic effect of barbiturates on human beings admissible to prove barbiturates are hypnotic drugs within the meaning of the penal code. The expert testimony in these two cases was not psychological opinion evidence based on hypothetical questions and was not introduced for the purpose of impeachment of a witness' credibility. It was held admissible as evidence of an element of the offense itself charged. *Knoeppel v. State, supra,* cited by appellant, related to the testimony of Dr. Holbrook, a psychiatrist and State rebuttal witness, which was held admissible and relevant on an insanity defense. Insanity was not asserted as a defense in the instant case. No question exists as to the admissibility of psychiatric and psychological opinion evidence on the issue of sanity. Appellant's first ground of error is overruled.

In ground of error number two, appellant maintains the trial court denied appellant his right to compulsory process under the Sixth Amendment of the U.S. Constitution and Article I, Section 10 of the Texas Constitution in excluding the testimony of Dr. Kenneth Laughery on a defensive theory of misidentification. There was no evidence of any previous incident of misidentification. However, as previously discussed, appellant's theory was based on the contention the complainant could possibly have seen appellant in Kips restaurant prior to the attack and this caused her to become confused, thereby increasing the possibility of her misidentifying the appellant on the street fifteen months later as the rapist. The hypothetical questions either assumed complainant had seen appellant in Kips or had the opportunity to see him there, and the answer of Dr. Laughery to the hypothetical questions all were based on the assumption complainant had in fact seen appellant in Kips prior to the rape. There was no testimony by defense witnesses that that had in fact transpired and the complainant testified she had not seen appellant in the restaurant. Hypothetical questions, for the answer to be admissible, must be based on facts which the evidence fairly tends to prove. Ray, 2 Texas Practice—Law of Evidence § 1403 (3rd ed. 1982). Such is not the case here. For this reason, as well as our holding above that the proffered expert psychological opinion evidence was not admissible for impeachment purposes, appellant's second ground of error is overruled.

Appellant, in grounds of error three and four, complains of the trial court's exclusion of the proffered testimony of Officer McPeak. The proffer, in essence, was that the officer would identify a photograph of a man who was about to go to trial for a similar abduction of a girl from the same general area as in the instant case; furthermore, the officer had thought that this man resembled the composite picture of the rapist in the instant case. Appellant relies upon *Jackson v. State,* 551 S.W.2d 351 (Tex. Cr.App.1977) wherein the court held the trial court's actions to be reversible error when it excluded testimony of a person who had previously misidentified the appellant in that case as having committed a crime later discovered to have been committed by another person. The case at bar, however, is distinguishable from *Jackson v. State* and *Holt v. United States,* 342 F.2d 163 (5th Cir.1965), also cited by appellant, in that no one had in fact misidentified appellant. Further, no showing was made that appellant and the other man had been mistaken for one another. See also *Florio v. State,* 532 S.W.2d 614, 619 N. 1 (Tex.Cr.App.1976) where *Holt v. United States, supra,* is distinguished on these grounds.

"Ordinarily, evidence of offenses committed by parties other than the accused is inadmissible." *Ferrell v. State,* 429 S.W.2d 901, 903 (Tex.Cr.App.1968). In the case at bar, the proffered evidence is not inconsistent with appellant's guilt and the trial court did not err in excluding the evidence. *Florio v. State, supra* at 619. Appellant's third and fourth grounds of error are overruled.

In his final ground of error, appellant argues that the trial court committed reversible error by refusing his requested charge on the defensive issue of mistaken identification. *Wilson v. State,* 581 S.W.2d 661, 665 (Tex.Cr.App.1979) rejected a similar contention, stating that misidentification is not an affirmative defense and that the appellant was adequately protected by the requirement that the jury find beyond a reasonable doubt that appellant committed the offense. See also *Waller v. State,* 581 S.W.2d 483, 485 (Tex.Cr.App.1979). There is no evidence that the complainant previously had misidentified appellant in the case at bar. We find that the charge adequately protected appellant's rights and the trial court did not err in refusing the charge on mistaken identification.

The judgment is affirmed.