**Donald Ray WELCH, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–84–008–CR.**

Court of Appeals of Texas, Eastland.

April 26, 1984.

Rehearing Denied May 17, 1984 and June 7, 1984.

---

an of ordinary resolution, under the same or similar circumstances because of a reasonable fear of harm, compel (the 77 year old victim), a female not his spouse, to submit to and participate in sexual intercourse with the said Donald Ray Welch without her consent; and the said Donald Ray Welch did then and there intentionally and knowingly compel the said (victim) to submit to sexual intercourse by threat of serious bodily injury and death to be imminently inflicted on the said (victim).

Appellant has briefed four grounds of error. First, he argues that the trial court abused its discretion in excluding beneficial expert opinion testimony bearing on the reliability of eyewitness identification. Since we find no abuse of discretion, this ground of error is overruled.

The excluded testimony was from a psychologist, Rod Cannedy, Ph.D., who had not examined the eyewitness but who was prepared to testify as to his reading of literature in the field of eyewitness identification. The witness had not performed these experiments, but he had read of several experiments in magazines such as "Scientific American" and "Psychology Today." He also referred to the "Annual Review of Psychology." The witness testified in general as to the factors which he felt should be considered in evaluating the reliability of eyewitness identification and said that he had formed an "opinion as to the general extent of reliability of eyewitness opinion." He then referred to "the literature I have reviewed" ranging from a low of 17% accuracy to a high of 78% accuracy and expressed his opinion as to a norm of about 40% accuracy. In answer to

Stan Brown, Abilene, for appellant.

Jorge A. Solis, Criminal Dist. Atty., Abilene, for appellee.

DICKENSON, Justice.

The jury found that Donald Ray Welch was guilty of aggravated rape[1] and assessed his punishment[2] at confinement for life. We affirm this conviction.[3]

There is no challenge to the sufficiency of the evidence to support the jury's finding that on or about September 29, 1979, in Taylor County, Texas, appellant:

[D]id then and there unlawfully, intentionally and knowingly by threats communicated by actions, words and deeds that would prevent resistance by a wom-

1. TEX. PENAL CODE ANN. sec. 21.03 (Vernon 1974) defines the offense of aggravated rape and declares it to be a felony of the first degree. While this statute was repealed and replaced by Section 22.021 (aggravated sexual assault), the old law continued in effect for offenses committed prior to September 1, 1983. See Acts 1983, 68th Leg., p. 5321, ch. 977, sec. 13.

2. Punishment was enhanced under TEX. PENAL CODE ANN. sec. 12.42(d) (Vernon Supp. 1984) by proof of two prior felony offenses, authorizing punishment at confinement for life or for any term of not more than 99 years nor less than 25 years.

3. Appellant's prior conviction was reversed by the Texas Court of Criminal Appeals on January 18, 1983. See Welch v. State, 645 S.W.2d 284 (Tex.Cr.App.1983). The second trial was conducted on October 3–4–5–6–7, 1983.

a hypothetical question dealing with the facts which are in evidence, Dr. Cannedy testified: "Now, I don't think anyone could estimate what that probability would be."

Appellant relies upon *State of Arizona v. Chapple,* 660 P.2d 1208 (Ariz.1983, en banc). Not only is that case factually distinguishable, we note that it states, 660 P.2d at 1218:

> We recognize that the cases that have considered the subject have uniformly affirmed trial court rulings denying admission of this type testimony.

*Chapple* then notes, 660 P.2d at 1220:

> [A]lthough the reasons cited by the trial judge would correctly permit preclusion of such testimony in the great majority of cases, it was error to refuse the testimony in the case at bench.

Finally, *Chapple* states, 660 P.2d at 1224:

> [W]e do not intend to "open the gates" to a flood of expert evidence on the subject. We reach the conclusion that (the expert witness) should have been permitted to testify *on the peculiar facts of this case* and have no quarrel with the result reached in the vast majority of cases which we have cited above. The rule in Arizona will continue to be that *in the usual case we will support the trial court's discretionary ruling on admissibility of expert testimony on eyewitness identification.* Nor do we invite opinion testimony in even the most extraordinary case on the likelihood that a particular witness is correct or mistaken in identification or that eyewitness identification in general has a certain percentage of accuracy or inaccuracy. (Emphasis added)

We hold that the trial court did not err in excluding the testimony of the psychologist's opinion that eyewitness testimony is not reliable. *Hopkins v. State,* 480 S.W.2d 212 at 220 (Tex.Cr.App.1972) makes it clear that psychiatric testimony is not admissible for impeachment purposes in Texas. *Burke v. State,* 642 S.W.2d 197 (Tex.Cr.

App.—Houston [14th Dist.] 1982, no pet'n), applies the same rule to opinion testimony from a psychologist. The only purpose for Dr. Cannedy's testimony in this case was to undermine or impeach the credibility of the victim's eyewitness identification. The trial court did not err in excluding that opinion.

■ Next, appellant argues that the trial court erred in receiving the victim's in-court identification of appellant over his objection that the photographic line-up "must be presumed impermissibly suggestive" due to the failure of the police to preserve the photographic array. This ground is overruled. The in-court identification was of independent origin and not at all dependent upon the photographic array. The victim had given appellant's name to her niece and also to the police prior to viewing the photographs. Her testimony makes it clear that the identification was not based on the photograph. Moreover, it would not be proper to presume an impermissibly suggestive photographic line-up under the facts of this case. The police explained how the photographs used in 1979 were replaced by later photographs of the same men because of a routine updating of police files. After this case was reversed by the Court of Criminal Appeals, photographs of all of the subjects in the original array were reassembled and placed into the record in this case. Clearly, there is no showing of any wrongdoing and no appearance of an impermissibly suggestive photographic array.

■ In his third ground of error, appellant argues that the court erred in denying his motion to quash the indictment for its "failure to allege the type of serious bodily injury threatened." This ground is overruled. *Brem v. State,* 571 S.W.2d 314 at 317 (Tex.Cr.App.1978), makes it clear that "an indictment for aggravated rape need not set out or describe the specific actions or deeds of the defendant which communicated the threat of serious bodily injury."

Finally, appellant argues that the trial court erred in overruling his objection to "manifestly improper jury argument expressing the prosecutor's opinion" that appellant's testimony was fabricated. This ground is overruled. While the prosecutor should not have expressed his personal opinion, we hold that his statement that "I don't buy that" did not constitute reversible error under the facts of this case. In discussing a similar situation, *Simpkins v. State*, 590 S.W.2d 129 at 136 (Tex.Cr.App. 1979), holds:

> An argument will not constitute reversible error unless, in light of the record as a whole, the language complained of is manifestly improper, harmful, and prejudicial. (Citations omitted) ... (I)t is not reversible error for the prosecutor to argue that the facts of the case prove that the accused was not telling the truth.... Error, if any, was not so harmful as to require reversal.

The judgment of the trial court is affirmed.

### ON REHEARING

The trial court did not err in excluding the psychologist's opinion in this case because that expert witness admitted, in answer to the hypothetical question based upon the facts of this case:

> Now, I don't think anyone could estimate what that probability would be.

That candid admission clearly shows that the proffered testimony was speculative in nature. The trial court did not abuse its discretion by refusing to require a jury of lay witnesses to set sail upon "an amateur's voyage on the fog-enshrouded sea" of psychology. See *Hopkins v. State*, supra at 221. There was no violation of appellant's constitutional rights. None of the cases cited indicate that the trial court's ruling in this case violates the Sixth Amendment to the Constitution of the United States or Article I, Section 10 of the Texas Constitution.

The motion for rehearing is overruled.