Bigley--on rehearing 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 





ON MOTION FOR REHEARING


 




NO. 3-90-068-CR





ERVIN ALLEN BIGLEY, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 7013, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING



 




 The original opinion in the cause, dated January 8, 1992, is withdrawn and this
opinion is substituted in its place.

 A jury found Ervin Allen Bigley, Jr. guilty of possession of 400 grams or more of
methamphetamine. See Texas Controlled Substance Act, 1983 Tex. Gen. Laws, ch. 425, § 9, at
2379 (Tex. Rev. Civ. Stat. Ann. art. 4476-15, § 4.04, since repealed and codified at Tex. Health
& Safety Code Ann. § 481.115 (Pamph. 1992)). After finding Bigley was a repeat offender, the
jury assessed punishment at ninety-nine years in the Texas Department of Corrections and a fine
of $250,000. See former art. 4476-15, § 4.012. Because of proof problems involving the
presence and amount of "adulterants and dilutants" in the methamphetamine, under the latest
guidelines from the Court of Criminal Appeals, we find the evidence insufficient to sustain a
conviction for the aggravated offense. Rather than order an acquittal, however, we reform the
judgment to reflect a conviction for the lesser included offense of possession of twenty-eight
grams or more but less than 400 grams of methamphetamine, and remand the cause for
reassessment of punishment.



BACKGROUND


 On June 29, 1987, the Austin Police Department, acting on a tip from a confidential
informant, obtained a warrant to search Bigley's residence in Manor, Texas. As a result of the
search, police discovered evidence of a laboratory designed to produce methamphetamine, and
seized thirteen containers of methamphetamine in powder and liquid form. The police arrested
Bigley, who was later convicted of aggravated possession of over 400 grams of methamphetamine,
including adulterants and dilutants.



DISCUSSION


Sufficiency of the Evidence:

 In his first and second points of error, appellant argues that the evidence is
insufficient to prove he possessed methamphetamine weighing over 400 grams, including
adulterants and dilutants. (1) In a conviction for possession of a controlled substance, the weight of
adulterants and dilutants present in a seized substance may be combined with the weight of the
controlled substance for the purpose of determining the defendant's punishment. McGlothlin v.
State, 749 S.W.2d 856, 858 (Tex. Crim. App. 1988). However, the court of criminal appeals has
held that the terms "adulterants" and "dilutants" refer specifically to compounds, substances or
solutions added to the controlled substance with the intent to increase the bulk or quantity of the
final product. Id. at 860. When the State attempts to obtain a conviction for an aggravated
offense on the theory that the aggregate weight of the controlled substance (including adulterants
and dilutants) is over 400 grams, it must first "prove the existence of any adulterants and
dilutants, i.e., compounds, substances, or solutions added to the controlled substance to increase
the bulk or quantity or the final product." Reeves v. State, 806 S.W.2d 540, 542 (Tex. Crim.
App. 1990). It must then show that the controlled substance, including the adulterants and
dilutants, if proven to exist, weighs more than 400 grams. See id.; McGlothlin, 749 S.W.2d at
861. It is the State's failure to prove the existence of adulterants and dilutants that is fatal to this
conviction on appeal. 

 During Bigley's trial, the State introduced into evidence thirteen exhibits of
methamphetamine seized from Bigley's residence. Sam Bivone, a chemist for the Austin Police
Department, testified that he performed chemical analyses on the exhibits and that they all
contained methamphetamine. However, Bivone only performed purity analyses on three of the
thirteen exhibits. Bivone testified as follows regarding these three exhibits: (1) the State's first
exhibit weighed 2.68 grams and contained 78% methamphetamine powder; (2) the State's fifth
exhibit weighed 1.2 grams and contained 53% pure methamphetamine powder; (3) the State's
tenth exhibit weighed 559.47 grams and contained 69% methamphetamine powder. The State thus
established that police seized 388.76 grams of pure methamphetamine powder from Bigley's
residence. The aggregate weight of the three exhibits was 563.35 grams. Bivone testified that
the aggregate weight included adulterants and dilutants, and defined adulterants and dilutants as
"an impurity from the 100% you want to get." However, Bivone did not identify the composition
of the non-methamphetamine substances in the three exhibits. To the contrary, Bivone
acknowledged on cross examination that the aggregate weight of the controlled substances might
also include waste products, water and trash.

 The court of criminal appeals evaluated similar circumstances in Engelking v. State,
750 S.W.2d 213 (Tex. Crim. App. 1988), a methamphetamine possession case in which the
State's expert witness was also a police chemist called to testify about the composition of
controlled substances. Id. at 214. The chemist defined an "adulterant" as any impurity in a
substance and defined a "dilutant" as any substance that makes another substance weaker. Id. at
216. The Engelking court concluded that these broad definitions provided no evidence that the
controlled substances seized from the defendant contained any substance intended to increase the
bulk or quantity of the final product, as McGlothlin requires. Id. As a result, the Engelking court
reversed the judgment of the trial court and remanded with instructions to acquit the defendant of
the offense of possession of methamphetamine of over 400 grams. Id. 

 Just as in Engelking, the record in our case lacks any evidence that the balance of
the seized substances, absent the actual methamphetamine present, contained any substance
intended to increase the bulk or quantity of the final product, methamphetamine. A common-sense interpretation of the record should allow us to conclude that where a chemist identifies an
exhibit as consisting of a certain percentage of methamphetamine in a final, powder form, the
remainder of the exhibit consists of adulterants or dilutants. In considering whether the aggregate
weight of a controlled substance exceeds a certain level, however, the court of criminal appeals
cases require inquiry into whether the non-drug portion of the substance is an "adulterant or
dilutant." The court of criminal appeals defines "adulterant and dilutant" as any substance added
with the intent of increasing the bulk or quantity of the final product. See Reeves v. State, 806
S.W.2d 540, 542 (Tex. Crim. App. 1990); Engelking, 750 S.W.2d at 216; McGlothlin, 749
S.W.2d at 860. See also Cawthon v. State, No. 1170-90 (Tex. Crim. App., April 15, 1992). 
There is no such evidence before us.

 The State did not establish that their exhibits contained "adulterants and dilutants"
as defined by the court of criminal appeals. We therefore cannot conclude from the evidence
presented at Bigley's trial that the State's exhibits one, five, and ten contain an aggregate weight
of methamphetamine, including adulterants and dilutants, that exceeds 400 grams. Because the
State did not determine the percentage of methamphetamine within the other ten exhibits, we have
no evidence from which to conclude that the methamphetamine content of these exhibits,
combined with exhibits one, five, and ten, exceeds 400 grams. We therefore conclude that the
evidence in this case is insufficient to support a finding that Bigley possessed methamphetamine
in an aggregate weight of over 400 grams.

Admission of Hearsay:

 In his third and fourth points of error, Bigley argues that the trial court erroneously
admitted a police officer's hearsay testimony about what a confidential informant told the police
officer. Bigley contends that this violated his right to confrontation under the Sixth Amendment
to the United States Constitution and Texas Constitution Article 1, § 10, and that the admission
of this hearsay evidence contributed to his conviction, since it connected him to the residence
where the bulk of the illegal drugs, and the drug manufacturing operation, were found.

 The police officer testified that a confidential informant told him that the informant
had been at the residence and had observed Bigley manufacturing methamphetamine at the
residence. Upon Bigley's objection, the prosecution offered that the testimony was admissible to
establish probable cause for a search of the residence. We agree with Bigley's contention that this
evidence should not have been admitted. "The general rule is that hearsay evidence relating to
probable cause is not admissible before the jury, when the issue has not been raised." Soliz v.
State, 794 S.W.2d 110, 112-13 (Tex. App. 1990, pet. ref'd) (citations omitted). The admission
of this evidence will require reversal unless this court determines beyond a reasonable doubt that
the erroneously admitted evidence made no contribution to the conviction. Harrington v.
California, 395 U.S. 250 (1969); Johnson v. State, 660 S.W.2d 536, 538 (Tex. Crim. App.
1983); Tex. R. App. P. Ann. 81(b)(2) (Pamph. 1992). Insofar as this cause is being remanded
for a new trial on punishment, the question of whether the inadmissible evidence contributed to
the sentence imposed on Bigley is not a factor in our analysis.

 In light of the overwhelming amount of properly admitted evidence, we are
convinced beyond a reasonable doubt that this testimony did not contribute to the verdict. "Where
there is not a reasonable possibility that improperly admitted evidence has contributed to an
defendant's conviction, reversal is not required." Bird v. State, 692 S.W.2d 65, 70 (Tex. Crim.
App. 1985). See also Chapman v. California, 386 U.S. 18 (1967); Johnson v. State, 660 S.W.2d
536, 538 (Tex. Crim. App. 1983); Vanderbilt v. State, 629 S.W.2d 709 (Tex. Crim. App. 1981),
cert. denied 456 U.S. 910; Clemons v. State, 605 S.W.2d 567, 571 (Tex. Crim. App. 1980); Tex.
R. App. P. Ann. 81(b)(2) (Pamph. 1992).

 There was no lack of properly admitted evidence connecting Bigley to the
methamphetamine production operation at the residence. The police found the following items
in Bigley's possession when he arrived at the residence:



. A temporary driver's permit from the Texas Department of Public Safety,
in the name of Bigley, identifying the residence as his address.

. A bank statement from Texas American Bank, Austin, addressed to Bigley
at the residence.

. An envelope from the Texas Employment Commission, addressed to
Bigley at the residence.

. A vehicle registration form for the vehicle Bigley was driving when he
arrived at the residence, with Bigley's name and the address of the
residence.

. A methamphetamine "cookbook," which described a set-up like that found
at the residence.

. A vial containing approximately two ounces of methamphetamine.



 Given the abundance of evidence linking Bigley to the methamphetamine
laboratory, the improperly admitted hearsay added little to the State's case. We conclude beyond
a reasonable doubt that the informant's statements did not contribute to the conviction.

 Further, any harm that might have been caused could have been cured by
instructing the jury to consider the evidence only for the limited purpose for which it was offered. 
Since the prosecution offered the evidence for the purpose of showing probable cause, the trial
court and prosecutor impliedly agreed with Bigley that the testimony was not proper evidence of
Bigley's guilt. In such a case, appellant must request a jury instruction as to the limited purpose
of the evidence. Bigley's failure to make such a request waives any objection as to the effect of
the evidence on his conviction. Where the error could have been cured by an instruction, a
defendant who fails to request such an instruction cannot complain of the error on appeal.



 The rule is well established that error in the admission of improper testimony
is usually cured by the trial court's instruction to the jury to disregard. Coe v.
State, 683 S.W.2d 431 (Tex. Crim. App. 1984). The error will be rendered
harmless except in the extreme cases where it appears that the question or evidence
is clearly calculated to inflame the minds of the jury and is of such character as to
suggest the impossibility of withdrawing the impression produced on the juror's
minds. Kelley v. State, 677 S.W.2d 34 (Tex. Crim. App. 1984).



Robinette v. State, 816 S.W.2d 817, 819 (Tex. App. 1991, no pet.).

 The evidence complained of in this case was not clearly calculated to inflame the
minds of the jury. Appellant's third and fourth points of error are overruled.

Appearance in Jail Clothing:

 In his fifth point of error, Bigley argues that the trial court erred in refusing to
impanel a new jury after prospective jurors saw Bigley being led into the courtroom in jail garb. 
Bigley contends that appearing this way before prospective jurors, twelve of whom later became
the jury in this cause, infringed upon his presumption of innocence.

 Although it is generally error to bring a defendant into the courtroom while in jail
garb, the error is not necessarily harmful if the incident is a momentary, inadvertent and fortuitous
encounter.



 While it is now axiomatic that requiring an accused person to wear handcuffs
before the jury infringes his constitutional presumption of innocence ... it is also
true that a momentary, inadvertent, and fortuitous encounter away from the
courtroom between a handcuffed accused and one or more of the jurors does not
necessarily call for a mistrial or reversal.



Clark v. State, 717 S.W.2d 910, 918-10 (Tex. Crim. App.), cert. denied, 481 U.S. 1059 (1986)
(citations omitted).

 The appearance of the accused in jail garb is analogous to his appearance in
handcuffs, insofar as it may infringe his right to presumption of innocence. In this case, Bigley
had been led through the courtroom in which the prospective jurors were waiting for voir dire to
begin. After the trial, the court questioned those jurors who had observed the defendant in jail
garb, and was convinced that no bias or prejudice was formed as a result. Eight of the twelve
jurors had not recognized Bigley in jail garb; those who did stated that it did not influence their
verdict in any way. Appellant's fifth point of error is overruled.

Jury Argument:

 In his sixth and seventh points of error, Bigley complains of the prosecutor's
statements during jury argument. Point six complains that the prosecutor improperly appealed to
community pressure; point seven complains that the prosecutor improperly injected personal
opinion into jury argument.

 Proper jury argument consists of summation of the evidence presented at trial,
reasonable deductions drawn therefrom, answer to opponent's argument, and appeal for law
enforcement.



 In examining challenges to jury argument, this Court considers the remark in
the context in which it appears. Counsel is allowed wide latitude without limitation
in drawing inferences from the evidence so long as the inferences drawn are
reasonable, fair, legitimate, and offered in good faith. Conversely, the jury
argument must be extreme or manifestly improper, or inject new and harmful facts
into evidence to constitute reversible error.



Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988) (citations omitted).

 Bigley contends that the prosecutor's assertion that the jury should not "minimize
the community pressure, because I think you are under pressure" is reversible error. But after
viewing the statements in the context of the State's jury argument, it becomes apparent that the
statements objected to were intended to stress the responsibility of the jurors to speak for the
community: "[P]ublic officials always hear a great deal of this and that and what ought to be done. 
Everybody does. . . . [I]t's people like you right now that are going to get a chance to actually
make a statement. . . . I think you are under pressure, because you are responsible. . . . I want
to hear what the community has to say . . . ."

 Bigley contends that the prosecutor's statement that "this is one of the strongest
methamphetamine cases I've ever seen in terms of being able to prove the person guilty"
improperly injected personal opinion into jury argument. However, the State may use opinion
argument if it is based on evidence and not unsworn testimony. Allridge v. State, 762 S.W.2d
146 (Tex. Crim. App. 1988).

 In this case, even if the statement was improper opinion, "any possible error was
cured by the court's instruction to disregard." Id., 762 S.W.2d at 156. See also Welch v. State,
677 S.W.2d 562, 564 (Tex. App. 1984) ("While the prosecutor should not have expressed his
personal opinion, we hold that his statement that 'I don't buy that' did not constitute reversible
error under the facts of this case."); Simpkins v. State, 590 S.W.2d 129, 136 (Tex. Crim. App.
1979) ("An argument will not constitute reversible error unless, in light of the record as a whole,
the language complained of is manifestly improper, harmful, and prejudicial.").

 Appellant's points of error six and seven are overruled.



DISPOSITION


 The district court charged the jury on the lesser included offenses of possession of 
.twenty-eight grams or more but less than 400 grams of methamphetamine, and possession of less
than twenty-eight grams of methamphetamine. By finding that Bigley possessed 400 grams or
more of methamphetamine, the jury necessarily found that he possessed the lesser amounts. There
is ample proof of Bigley's guilt of the lesser included offense of possession of twenty-eight grams
or more but less than 400 grams of methamphetamine.

 The courts of appeals are authorized to modify the judgment of the trial court by
correcting or reforming it. Tex. R. App. P. Ann. 80(b) (Pamph. 1991). We are also authorized
to render the judgment that the court below should have rendered. Id. We therefore reform the
judgment of the district court to reflect a conviction for possession of twenty-eight grams or more
but less than 400 grams of methamphetamine. (2) As reformed, the judgment of conviction is
affirmed as to the adjudication of guilt.

 The punishment assessed exceeds that authorized by former art. 4476-15, §§ 4.012,
4.04(d)(1). Therefore, we reverse that portion of the judgment assessing punishment, and remand
the cause for a new trial as to punishment. Tex. Code Crim. Proc. Ann. art. 44.29(b) (Supp.
1991).



 

 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Reformed, and as Reformed, Affirmed in Part; Reversed and Remanded in Part

Filed:  May 6, 1992

[Publish]
1. [1]  When assessing the sufficiency of the evidence in a criminal case, we must view the
evidence in the light most favorable to the conviction to determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable doubt. Butler
v. State, 769 S.W.2d 235, 239 (Tex. Crim. App. 1989).
2. [2] We are aware of the recent statement that the court of criminal appeals does not have the
authority to reform a conviction for a greater felony found to be based on insufficient evidence
to a lesser felony which the evidence will support. Stephens v. State, 806 S.W.2d 812, 818
n.8 (Tex. Crim. App. 1990). This footnote refers only to the authority of the court of
criminal appeals, to which Rule 80 does not expressly apply.


 We are also aware of the earlier statement by the court of criminal appeals that "neither
this Court nor the court of appeals is authorized to reform the judgment and sentence to reflect
conviction for a lesser included offense under [former Tex. Code Crim. Proc. Ann.] Article
44.24(b)." Garrett v. State, 749 S.W.2d 784, 793-94 (Tex. Crim. App. 1986) (opinion on
original submission). Article 44.24(b) was repealed and replaced by Rule 80, which contains
a broader grant of authority to the courts of appeals. Further, the case cited as authority for
this statement in Garrett is not on point. See Milczanowski v. State, 645 S.W.2d 445, 447
(Tex. Crim. App. 1983).


 Despite these recent disclaimers of authority, the court of criminal appeals has employed
the procedure we adopt in this cause. See Jones v. State, 532 S.W.2d 596, 601 (Tex. Crim.
App. 1976); Moss v. State, 574 S.W.2d 542, 545 (Tex. Crim. App. 1978) (opinion on
rehearing).