**Jimmy Carl "Cactus" HAGGERTY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45972.**

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Richard Brooks Hardee, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Charles Crow, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is the sale of marihuana; the punishment, ten (10) years.

Tyler Police Officer Willie Hardy testified that on June 4, 1971, while working undercover he purchased a quantity of marihuana from appellant.

■ Appellant's first ground of error challenges the chain of custody of the marihuana. Agent Hardy testified that after the purchase he sealed the quantity in a "lock-seal evidence envelope" and took it to the Bureau of Narcotics and Dangerous Drugs Laboratory in Dallas, and that he later picked up the same sealed container from the laboratory and returned it to a representative of the Tyler Police Department. He positively identified it by number, date and name when it was offered in evidence. The chemist witness identified the same container and testified as to his analysis of its contents.

Appellant's reliance upon Brown v. State, 156 Tex.Cr.R. 144, 240 S.W.2d 310, is misplaced. In that case there was no showing that the blood sample taken by the nurse was the same sample which was forwarded by the doctor for analysis. In the case at bar we have no such gap in the identification. See Ochoa v. State, Tex. Cr.App., 394 S.W.2d 172; Ray v. State, 170 Tex.Cr.App. 640, 343 S.W.2d 259; Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S.W. 2d 106; and McAllister v. State, 159 Tex. Cr.R. 57, 261 S.W.2d 332.

■ Appellant's second ground of error is that the court permitted Officer Hardy to testify that in his opinion the substance which he purchased from appellant was marihuana. The record reflects Hardy joined the Tyler Police Force in October 1967 and worked as an undercover agent between April and June 1971. He based this opinion on the fact that he had "handled and observed marihuana" prior to this occasion and "had occasion to deal with this particular substance" after the date in question. We perceive no error in the admission of Officer Hardy's testimony. Ex parte Droppleman, Tex.Cr.App., 362 S.W. 2d 853. Further, we have the testimony of Chemist Berens who was shown to be fully qualified and no issue of fact was raised as a result of the chemist's tests. He testified that the substance submitted to him was marihuana. A proper chain of custody was also established.

■ Ground of error number three complains of the proof of other sales by appellant. Testifying in his own behalf, appellant denied the sale involved in this prosecution and further testified that he had never sold Hardy or anyone else any marihuana or dangerous drugs.

On rebuttal Hardy testified that prior to June 4, 1971, he had purchased some "downer" capsules from appellant and over appellant's objection testified that on June 8, 1971, he purchased from appellant some LSD.

Clearly both transactions became admissible when appellant, in addition to pleading alibi and denying the incident charged, testified that he had never "sold any drugs or marihuana or anything to anybody at any time". Hamilton v. State, Tex.Cr. App., 480 S.W.2d 685, and cases there cited.

■ We overrule appellant's last contention that the punishment is excessive. Appellant's sentence is well within the limits prescribed by the statute. This is a matter for the legislature and the juries and not this Court.

Finding no reversible error, the judgment is affirmed.