J. C. RIDDLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 55890.

Court of Criminal Appeals of Texas.

Nov. 2, 1977.

State's Motion for Rehearing Denied Feb. 8, 1978.

None on appeal.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the delivery of phentermine; the punishment is confinement in jail for 4 months.

We have reviewed the record as required by Art. 40.09, Sec. 13, V.A.C.C.P., and unassigned error requires that we reverse the judgment. At the time that it is alleged that appellant delivered phentermine there was no criminal penalty provided for the act, nor is there at the present time.

■ Substances which are included in the five schedules of controlled substances of the Controlled Substances Act are by definition not dangerous drugs.[1] Prior to the day on which the appellant delivered the phentermine, that substance had been added to Schedule IV of the Controlled Substances Act by the Commissioner of Health.[2] Therefore, it no longer could be

---

1. The Dangerous Drug Act, Art. 4476–14, Sec. 2(a), V.A.C.S., defines a dangerous drug as "any drug or device that is not included in Schedules I through V of the Texas Controlled Substances Act and that is unsafe for self-medication, and includes the following:

"* * * *

"(3) any drug or device which bears the legend: Caution: federal law prohibits dispensing without a prescription, . . . "

The Controlled Substance Act, Art. 4476–15, Sec. 2.17, V.A.C.S., provides that:

"The following substances are dangerous drugs regulated by the provisions of Chapter 425, Acts of the 56th Legislature, Regular Session, 1959, as amended (Article 726d, Vernon's Texas Penal Code):

"* * * *

"(3) any substance that bears the legend: Caution: federal law prohibits dispensing without prescription; . . . "

The indictment alleged that the appellant, on February 6, 1976, "did then and there knowingly and intentionally deliver to Agent Ted Retchloff a dangerous drug, namely: Phentermine which must bear the legend: Caution: federal law prohibits dispensing without a prescription."

2. Section 2.09(e) of the Controlled Substances Act provides:

"If any substance is designated, rescheduled, or deleted as a controlled substance under federal law and notice thereof is given to the commissioner, the commissioner shall similarly control the substance under this Act after the expiration of 30 days from publication in the Federal Register of a final

classified as a dangerous drug, and the penalty provisions of the Dangerous Drug Act did not apply to the delivery of phentermine.

■ Although the Commissioner of Health has been authorized by the Legislature to add to, to delete from, and to reschedule substances in the five schedules of the Controlled Substances Act, the commissioner has not been authorized to add substances to or delete substances from the four penalty groups of the act. We observe that the Controlled Substances Act does not provide penalties for possession and delivery of substances unless they are included in one of the four penalty groups of the act.[3] Since phentermine has not been added to a penalty group in the Controlled Substances Act, there is no penalty provided for the possession or delivery of phentermine.

The judgment is reversed and the prosecution is ordered dismissed.

Opinion approved by the Court.

order designating a substance as a controlled substance or rescheduling or deleting a substance unless within that 30 day period the commissioner objects to inclusion . . . ." Phentermine was added to Schedule IV of the Federal Drug Enforcement Administration list of controlled substances, published in the Federal Register on July 6, 1973. 38 Fed.Reg. 18014–15 (1973). Phentermine was added to Schedule IV of the Texas Controlled Substances Act on August 28, 1973. The commissioner acted within his lawful authority in adding phentermine to Schedule IV pursuant to the federal regulations. See *Tibbetts v. State*, 494 S.W.2d 552 (Tex.Cr.App.1973); *Samson v.*

*State*, 27 Md.App. 326, 341 A.2d 817 (1975); *State v. Gula*, 320 A.2d 752 (Del.1974). Cf. *United States v. Benish*, 389 F.Supp. 557 (W.D. Pa.1975), aff'd, 523 F.2d 1051 (3 Cir. 1975) cert. den., 424 U.S. 954, 96 S.Ct. 1428, 47 L.Ed.2d 359.

3. Section 4.03 of the Controlled Substances Act provides in part:

"(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1, 2, 3, or 4."