Manuel Martinez LUMBERAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 52313.

Court of Criminal Appeals of Texas.

Nov. 16, 1977.

State's Motion for Rehearing Denied Feb. 8, 1978.

Jack M. Sessom, San Angelo, for appellant.

Ed R. Paynter, Dist. Atty. and Jim H. Smart, Jr., Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for sale of phentermine.[1] After finding appellant guilty, the jury assessed appellant's punishment at nine years' confinement.

In reviewing the record we have determined that the judgment must be reversed because of unassigned error. Art. 40.09(13), Vernon's Ann.C.C.P.

In *Riddle v. State*, 560 S.W.2d 642 (Tex. Cr.App.1977), the defendant was charged with delivery of phentermine. In *Riddle* we held that there is no longer any penalty provided for the possession or delivery of phentermine. For the reasons stated in *Riddle* this rule also applies to this appellant's sale of phentermine.[2]

Therefore, as in *Riddle,* the judgment must be reversed and the prosecution ordered dismissed.

Jim D. Vollers, State's Atty., Austin, for the State.

1. On September 15, 1976, in an unpublished opinion, this appeal was dismissed for want of jurisdiction. The appeal is now reinstated.

2. As in *Riddle,* the appellant was alleged to have committed the offense after the date phentermine was added to Schedule IV of the Controlled Substances Act. See footnote 2 of the *Riddle* opinion.