**Dennis Leon GRADY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63208.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 16, 1982.

Randy Martin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., & Michael Kuhn & Bill Taylor, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, CLINTON and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

Appellant appeals his conviction by a jury for possession of phentermine, a controlled substance. Art. 4476–15, V.A.C.S. The jury also assessed his punishment at five years' confinement in the Texas Department of Corrections.

Appellant has presented us with only one ground of error in his appeal, and that is the trial court's charge to the jury was rendered fundamentally erroneous because of the following parts of the charge:

Phentermine, *an isomer of methamphetamine*, is a controlled substance. (Emphasis Added).

.     .     .     .     .

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Dennis Leon Grady, did in Harris County, Texas, on or about the 7th day of January, 1979, knowingly or intentionally possess a controlled substance, namely, phentermine, *an isomer of methamphetamine*, you will find the defendant guilty as charged in the indictment. (Emphasis Added).

Appellant claims that the above emphasized parts of the charge "removed from the jury's consideration the issue of whether or not phentermine is an isomer of methamphetamine."

The indictment in this cause alleges in pertinent part that the appellant "did then and there unlawfully intentionally and knowingly possess a controlled substance, namely, PHENTERMINE, *an isomer of methamphetamine*." (Emphasis Added). Appellant did not challenge the contents of the indictment by way of a motion to quash.

Appellant also did not make any objections to the trial court's charge. Further-more, the record on appeal is without a statement of facts. However, this Court has recently held that if the record on appeal contains a clerk's transcript, and contained therein are the charging instrument and the court's charge, then a claim that fundamental error exists in the charge may be raised and reviewed on appeal without the necessity of having a statement of facts in the record. *Alexander v. State*, 580 S.W.2d 579 (Tex.Cr.App.1979).

■ We first agree with the appellant that it is axiomatic that a trial court in its charge to a jury should never give the jury an instruction which constitutes a comment by the court on the elements of the alleged offense, or assumes a disputed fact. *Richardson v. State*, 390 S.W.2d 773 (Tex.Cr.App.1965); *Marlow v. State*, 537 S.W.2d 8 (Tex.Cr.App.1976). Moreover, the trial court should always instruct the jury on the law which governs the charged offense. Furthermore, it is mandatory for the trial court to correctly apply the law of the offense to the facts of the case. See *Doyle v. State*, 631 S.W.2d 732 (Tex.Cr.App.1982).

However, "Phentermine was [at the time appellant committed the offense] and is now a controlled substance, and was then and is now subject to criminal prosecution under the Controlled Substances Act." See *Ex parte Wilson*, 588 S.W.2d 905 (Tex.Cr.App.1979). It is now listed under Schedule IV and under penalty group 3 of the Controlled Substances Act. Art. 4476–15, *supra*.[1]

---

1. The author of the dissenting opinion in this cause implicitly makes a strong-willed cry that because of the disproportionality of the punishment to the fact that "Phentermine is an innocuous appetite depressant legitimately used in treating obesity—a diet pill, if you will," causes the punishment assessed appellant to be cruel and unusual. As a general proposition, if a defendant's punishment is well within the limits prescribed by the involved statute, then it is a matter for the Legislature and juries, and not this Court, to determine what is a proper punishment in a given case. See, for example, *Haggerty v. State*, 490 S.W.2d 858 (Tex.Cr.App. 1973), which states the general rule. For a further discussion of the doctrine of proportionality of punishment under the Eighth Amendment of the United States Constitution, see *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct.

1133, 63 L.Ed.2d 382 (1980). As previously noted, the statement of facts of the trial and the punishment hearing is not before us. Thus, we are without any guidance as to what evidence, if any, the State presented concerning the appellant's prior criminal record, or what evidence, if any, the appellant presented to show that "Phentermine is an innocuous appetite depressant legitimately used in treating obesity—a diet pill." It may be that the controlled substance, phentermine, legitimately used is an innocuous appetite depressant used to treat obesity. However, abuse of this substance may be associated with intense psychological dependence and severe social dysfunction. See 1071 *Physician's Desk Reference*. The record on appeal also reflects that the appellant may have been previously convicted and sentenced to the penitentiary for committing the offenses

Apparently, because of what this Court said in *Riddle v. State,* 560 S.W.2d 642 (Tex.Cr.App.1978); *Lumberas v. State,* 560 S.W.2d 644 (Tex.Cr.App.1978); and *Ex parte Wilson,* supra, the State prepared the indictment in this cause as it did. It is also apparent that when the trial court prepared its charge, it likewise seized upon some of the language from those cases, and a deduction this Court made from one of the State's witnesses' testimony adduced in *Wilson.* In *Wilson,* the Court, in its discussion of the controlled substances of methamphetamine and phentermine, pointed out that the Director of the Houston Police Department Laboratory had testified during *Wilson's* trial that, "Phentermine is an isomer of methamphetamine." Using this testimony, this Court then concluded that it was in error in holding in *Riddle* and *Lumberas,* supra, that there was no penalty for the possession or delivery of the controlled substance phentermine. "Since phentermine is an isomer of methamphetamine, we were in error when we stated in *Riddle* and *Lumberas* that there was no penalty provided for its possession or delivery."

Because we are without a transcription of the trial proceedings in this cause, we are unable to state what evidence the State presented to the jury to establish its case against appellant. We observe, however, that the verdict of the jury reads as follows: "We, the jury, find the defendant guilty of the offense of unlawfully possessing a controlled substance, namely, phentermine, *an isomer of methamphetamine,* as charged in the indictment." (Emphasis Added). We therefore must assume that the State presented evidence to substantiate its allegations of fact as contained in the indictment. Compare the facts in this cause with those of *Ex parte Wilson,* supra.

Nevertheless, we have concluded that the trial court partly erred when it instructed the jury in the abstract in this cause that

the controlled substance phentermine was an isomer of methamphetamine, because at the time of appellant's offense phentermine was not so defined by any statute.

■ However, error occurring in a trial court's charge is not necessarily synonymous with fundamental or reversible error. Fundamental error in a trial court's charge does not occur unless it is demonstrated that because of the error in the charge, the charge was calculated to injure the rights of a defendant or that from the record as a whole it reflects that the error in the charge prevented a defendant from receiving a fair and impartial trial. *Boles v. State,* 598 S.W.2d 274, 278 (Tex.Cr.App. 1980).

■ We cannot agree with the appellant that the partial error in the abstract definition of the word "Phentermine" constitutes fundamental error, and was error of such a degree that it rendered the charge as a whole fundamentally defective. We also cannot conclude that it was error either calculated to injure the rights of the appellant or that the error prevented the appellant from receiving a fair and impartial trial. Cf. *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979). Furthermore, when the trial court instructed the jury in the application of the law to the facts paragraph of the charge, it did so in the terms of the indictment. See *Doyle v. State,* supra; *Manry v. State,* 621 S.W.2d 619, 623 (Tex. Cr.App.1981).[2]

Appellant's ground of error is overruled.

The judgment is affirmed.

CLINTON, Judge, dissenting.

For the reasons stated in my separate opinion in *Ex parte Wilson,* 588 S.W.2d 905, 909 (Tex.Cr.App.1979), I dissent.

---

of "P/C/S" and "Deliver LSD," and has been accorded misdemeanor probation for the offense of "Con/Sub." We are unable to state whether these convictions were, in fact, proved at the guilt or punishment stages of the appellant's trial. If they were proved, this might

have indicated to the jury that the appellant was in possession of something more serious than a mere diet pill.

**2.** As previously noted, the appellant did not make any objection to the trial court's charge.

Correcting its earlier mistakes, the Legislature placed phentermine in Penalty Group 3 after preparations of codeine, the barbitals and peyote, making its possession a Class A misdemeanor.[1] I simply cannot subscribe to upholding an assessment of punishment for five years confinement in the Texas Department of Corrections fixed May 1, 1979—on manifestly inadvertent legislative action—especially when some ninety days thereafter the maximum punishment allowable would be a fine not to exceed $2,000, confinement for a term of not more than one year in jail, or both.

Cases such as this one give the criminal justice system a bad name. Phentermine is an innocuous appetite depressant legitimately used in treating obesity—a diet pill, if you will. We should insist that the punishment fit the crime.[2]

I dissent.

---

1. Acts 1979, 66th Leg., p. 1286, ch. 598, § 6, effective August 27, 1979.

2. Contrary to the interpretation of these comments by the majority, I am not decrying the punishment assessed, *per se*, but the refusal of the Court to recognize and accept the proposition that possession of phentermine is, and under proper construction, always has been a misdemeanor offense. August 28, 1973, following the lead of the Attorney General of the United States, acting on findings and recommendations of the then Secretary of Health, Education and Welfare, our State Commissioner of Health added phentermine to Schedule IV in the Texas Controlled Substances Act. That means *he* found, as had the Attorney General of the United States, that phentermine has a relatively low potential for abuse, has currently accepted medical use and abusing it may lead to relatively "limited physical dependence or psychological dependence." See *Ex parte Wilson*, supra, at 909–910. So far as I have ascertained, not a single substance in Schedule IV has ever been classified as a Penalty Group 1 second degree felony, and certainly phentermine eo nomine never has been.