Noe JUAREZ, aka Noe Jaure, Appellant,

v.

STATE of Texas, Appellee.

No. A14–82–878CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 26, 1984.

J. Michael Wilkinson, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Noe Juarez appeals from a conviction for burglary for which his enhanced punishment was set at twenty years imprisonment. In two grounds of error appellant now complains that the jury charge was fundamentally defective and that there was insufficient evidence to sustain the verdict. We find no reversible error in the charge and sufficient evidence to support his conviction. Accordingly, the judgment of the trial court is affirmed.

In his first ground of error appellant contends that the trial court committed fundamental error by omitting from the jury charge certain allegations contained in the indictment and which omissions lessened the State's burden of proof. The indictment charged, in pertinent part, that the appellant did:

... with intent to commit theft, enter a habitation owned by MARY RAMAIN, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

The court charged the jury as follows:

Now, if you believe from the evidence beyond a reasonable doubt that the defendant, Noe Jaure, on or about July 8, 1982, in Harris County, Texas, did enter

a habitation owned by Mary Ramain without the effective consent of the said Mary Ramain and with the intent to commit theft, then you will find the defendant guilty of burglary of a habitation; but if you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

The court then defined "owner" as contained in Texas Penal Code § 1.07(a)(24).

"Owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the defendant.

Appellant now contends that the court committed fundamental error by omitting from the charge the phrase "a person having a greater right to possession of the habitation," and substituting in its place the general term "owner" and its definition. Appellant argues that this substitution expands on the theory contained in the indictment because the definition sets out three separate ways a person can be an "owner". Appellant did not object to this at the trial.

■ When there is no objection to the charge at trial, only fundamental error will be considered on appeal. *Henderson v. State*, 617 S.W.2d 697, 698 (Tex.Cr.App. 1981). Fundamental error in the charge does not occur unless appellant can show that the error in the charge was calculated to injure the rights of appellant or that the record as a whole reflects that the error in the charge prevented appellant from having a fair and impartial trial. *Grady v. State*, 634 S.W.2d 316, 318 (Tex.Cr.App. 1982).

■ In this case, the substitution of the terminology "owner" for the phrase "a person having a greater right to possession of the habitation" did not prevent appellant from having a fair trial. The definition did not lower the burden of proof, nor did it authorize a conviction for conduct which does not constitute an offense. Finally, although such an omission does not give appellant notice of the exact type of owner-

ship involved, such information is of no benefit to the defendant and does not relate to giving him notice of his alleged act. *Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Cr.App.1981) (on motion for rehearing). The error, if any, is harmless.

■ Similarly, appellant complains that the court erred in charging the jury that they must find that appellant entered "without the effective consent" of complainant rather than "without the effective consent of the complainant, namely, without consent of any kind", as contained in the indictment. Appellant argues that such an omission from the court's charge of an allegation in the indictment which is required to be proved is fundamental error. *See Cumbie v. State*, 578 S.W.2d 732, 733 (Tex.Cr.App.1979). However, the purpose of this rule is to insure that all of the essential elements of the crime be proved. *See Sattiewhite v. State*, 600 S.W.2d 277, 284–85 (Tex.Cr.App.1980) (on motion for rehearing). Clearly, the charge adequately required the jury to find that the defendant entered without the effective consent of the owner as mandated in the burglary section of the Penal Code. See Tex.Penal Code Ann. § 30.02(a) (Vernon 1974). The jury charge was thus proper and appellant's first ground of error is overruled in its entirety.

■ Appellant contends in his second ground of error that there was insufficient evidence to convict him of burglary. Since this is a circumstantial evidence case, the test to be used is whether the circumstances exclude every reasonable hypothesis except that of the guilt of the accused. *Phipps v. State*, 630 S.W.2d 942, 944 (Tex. Cr.App.1982). The evidence here indicated that police officers patrolling the area at 1:45 a.m. noticed a car parked on the wrong side of the street near complainant's house with the car door ajar and two people slumped down in the front seat. The officers circled the block and returned with their emergency lights on. They stopped next to the vehicle, but as they got out of the patrol car, the vehicle lurched away from the curb and sped away. A high

speed chase ensued with several other police cars and two helicopters joining. After a long chase the vehicle stopped suddenly when its attempted exit via a freeway entrance was blocked by a police car. The suspects jumped out and attempted to flee. Appellant ran across a field to a wire fence. At this point the officers chasing appellant were able to grab him and after a short, but intense, struggle he was subdued. The car in which appellant was riding was found to contain several construction tools which were reported missing from the complainant's residence. Appellant's early morning presence at the scene of the offense, his flight, resistence, and apprehension with the stolen goods in the car constitute clearly sufficient subsequent circumstantial evidence to sustain the jury's verdict. *See Id. See also Thompson v. State,* 563 S.W.2d 247 (Tex.Cr.App.1978). Appellant's second ground of error is thus overruled.

Accordingly, the judgment of the trial court is affirmed.