State v. Wright 






DISMISSED
AUGUST 9, 1990

NO. 10-90-121-CR
Trial Court
# 900928 CR2
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

THE STATE OF TEXAS,
   Appellant
v.

MARY RUTH WRIGHT,
   Appellee

* * * * * * * * * * * * *

 From County Court at Law No. 2
McLennan County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
The State of Texas perfected its appeal on July 25, 1990 in
Cause No. 90-028-CR2 from an order of the County Court at Law No.
2 granting defendant's motion to suppress a video tape based upon
the alleged illegality of defendant's arrest.
The State has filed in this court a motion to withdraw its
notice of appeal, including in its motion that the trial court,
pursuant to the State's Motion to Reconsider, has reversed its
original ruling and has found that the evidence would be admissible
at trial, thus rendering this appeal moot.
No decision having been delivered by this court prior to
receipt of the State's motion requesting withdrawal of the notice
of appeal, the motion is granted. The appeal is dismissed.
PER CURIAM
DO NOT PUBLISH



;
 padding: 6px;
 line-height: normal
}

span.WPNormal
{
 font-family: "Univers", sans-serif;
 font-size: 10pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Univers", sans-serif;
 font-size: 10pt;
 font-weight: normal;
 font-style: normal
}














IN THE
TENTH COURT OF APPEALS
 

No. 10-01-125-CR
No. 10-01-126-CR

     ROBERT RAY BOYCE
     A/K/A ROBERT JACKSON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 232nd District Court
Harris County, Texas
Trial Court Nos. 854,514 and 850,441
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Robert Ray Boyce appeals his convictions for two offenses: (1) cause number 10-01-125-CR,
attempted aggravated sexual assault; and (2) cause number 10-01-126-CR, aggravated sexual
assault. He raises a single but different issue in each cause. We will affirm.
FACTUAL BACKGROUND 
      The following events took place in Harris County. Sherri Locke and Robert Ray Boyce are
the biological parents of R.B. Although Locke and Boyce never married, they maintained an “on
and off” relationship. At all times, Locke had full custody of R.B and was the child’s primary
caretaker. Periodically, Boyce would live in Locke’s household and then leave for months at a
time. During the summer of 2000, Boyce was living in her home. At the time, Locke was a
postal employee working during the day, Monday through Friday. That summer, R.B. was six-years old, and she attended a day care program while her mother worked. In June, Locke told
R.B. that she could not attend the day care program any longer and that Boyce would take care
of her. R.B. objected and told her mother that she did not want to stay with Boyce. R.B. also
said that Boyce had put his penis on her and that he told her to keep it a secret. Although Locke
was concerned, she thought this may have accidentally happened because R.B. occasionally
climbed into bed with Locke and Boyce and neither of them wore night clothes. Moreover, Locke
did not believe Boyce would do such a thing, at least on purpose. Nevertheless, Locke allowed
R.B. to remain in the day care program.
      On July 18, 2000, Boyce insisted that R.B. stay home from day care so that he could spend
time with her. R.B. did not go to the program that day. While Locke was at work, Boyce told
R.B. to go into the master bedroom and get on the bed. He also told her to remove her clothing. 
She complied, climbed on the bed, and Boyce removed his clothing. Boyce got on the bed with
R.B. and sexually assaulted her by placing his penis inside of her vagina and anus. He also placed
his mouth on her vagina, and he had her place her hand on his penis. In addition, Boyce told her
to place her mouth on his penis, but she refused to do so. Boyce used “Vaseline” during the
course of the sexual assault. After Boyce ejaculated, he used a washcloth to wipe the semen off
of R.B. Boyce then told her not to tell anyone or he would go to jail.
      On the morning of July 19th, while Boyce was sleeping, R.B. told her mother what had
happened. She told her mother that she “was [still] hurting.” Without waking Boyce, R.B. and
her mother went to the Children’s Assessment Center of Houston for R.B. to be examined. The
Children’s Assessment Center is a multi-disciplinary center in which Houston police officers,
employees of Child Protective Services, and doctors of a University of Texas medical clinic work
together to help children who may have been sexually abused. The doctors at the clinic are
responsible for a physical examination of a child who presents an allegation of possible sexual
abuse. Dr. Sheela Lahoti of the Center examined R.B. that day. Her examination revealed
evidence of penetrating vaginal trauma to R.B.
PROCEDURAL BACKGROUND
Cause No. 10-01-125-CR
      Boyce was charged with the offense of aggravated sexual assault of a child. The indictment
alleged that Boyce committed the offense by causing the mouth of R.B. to contact his sexual
organ. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(v) (Vernon Supp. 2002). Boyce pled not guilty
to the indictment. As a matter of law, however, the State’s evidence presented in its case-in-chief
was insufficient to support a verdict finding Boyce guilty of aggravated sexual assault. Instead,
the jury was charged with considering whether he was guilty of the lesser offense of attempted
aggravated sexual assault. Id. §§ 15.01, 22.021. The jury found Boyce guilty of that offense. 
Before trial, Boyce filed a motion electing to have the jury assess punishment in the event of a
guilty verdict. Boyce also pled true to allegations in an enhancement paragraph. The jury found
the allegations in the enhancement paragraph to be true and assessed punishment at confinement
for sixty years in prison. Boyce appeals his conviction and complains there was an error in the
jury charge on guilt or innocence.
Cause No. 10-01-126-CR
      Boyce was charged in a separate indictment with aggravated sexual assault of a child. The
indictment alleged that Boyce committed the offense by penetrating R.B.’s sexual organ with his
own sexual organ. Id. § 22.021(a)(1)(B)(i). He pled not guilty, but the jury found him guilty of
the offense. Prior to trial, Boyce filed a motion electing to have the jury assess punishment if he
was found guilty. Boyce again pled true to allegations in an enhancement paragraph. The jury
found the allegations in the enhancement paragraph to be true and assessed punishment at
confinement for life in prison and a ten-thousand dollar fine. Boyce appeals his conviction and
argues that the trial court erred by allowing a witness for the State to read into evidence R.B.’s
hearsay statements contained in a medical report under the “medical diagnosis” exception to the
hearsay rule. Tex. R. Evid. 803(4).
CAUSE NO. 10-01-125-CR
Issue presented
      On appeal from his conviction for attempted aggravated sexual assault, Boyce contends that
the application paragraph of the jury charge on guilt or innocence contained two errors: (1) a
portion of the paragraph constituted a comment on the weight of the evidence; and (2) that same
portion also amounted to a violation of article 38.05 of the Code of Criminal Procedure. Tex.
Code Crim. Proc. Ann. art. 38.05 (Vernon 1979).
Applicable law
Comment on the Weight of the Evidence
      The trial court should set forth the applicable law of the case in the jury charge without
“expressing any opinion as to the weight of the evidence, not summing up the testimony,
discussing the facts or using any argument in [its] charge calculated to arouse the sympathy or
excite the passions of the jury.” Id. art. 36.14 (Vernon Supp. 2002). A trial court should never
give the jury an instruction that constitutes a comment on the elements of the alleged offense or
assumes a disputed fact. Grady v. State, 634 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.]
1982); Smith v. State, 959 S.W.2d 1, 27 (Tex. App.—Waco 1997, pet. ref’d). A charge that
assumes the truth of a controverted issue is a comment on the weight of the evidence and is
erroneous. Whaley v. State, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986); Smith, 959 S.W.2d at
27. In reviewing a possible error in the application paragraph of the charge, we read the charge
as a whole in order to “flesh out and explain the application paragraph.” Doyle v. State, 631
S.W.2d 732, 738 (Tex. Crim. App. 1980) (opinion on reh’g); McGowan v. State, 938 S.W.2d
732, 739 (Tex. App.—Houston [14th Dist.] 1996), aff’d, 975 S.W.2d 621 (Tex. Crim. App.
1998).
Article 38.05 of the Code of Criminal Procedure
      Article 38.05 of the Code of Criminal Procedure, entitled “Judge shall not discuss evidence,”
states:
In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon
the weight of the same or its bearing in the case, but shall simply decide whether or not
it is admissible; nor shall he, at any stage of the proceeding previous to the return of the
verdict, make any remark calculated to convey to the jury his opinion of the case.

Tex. Code Crim. Proc. Ann. art. 38.05 (emphasis added). A defendant may complain that an
error in the jury charge on guilt or innocence is “a prejudicial comment in contradiction to Article
38.05 . . . .” Selman v. State, 807 S.W.2d 310, 312 (Tex. Crim. App. 1991). To determine that
remarks by a trial court constitute a violation of article 38.05, we must find a benefit to the State
or an injury to the defendant. Id.
Standard of review
      In Almanza v. State, the Court of Criminal Appeals prescribed the manner in which jury
charge error is reviewed on appeal. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985) (opinion on reh’g). First, we must determine whether error exists in the jury charge. Hutch
v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). Second, we must determine whether the
error caused sufficient harm to require reversal. Id. at 170-71. The degree of harm required for
reversal depends on whether the complaint was preserved. Id. at 171. A complaint properly
preserved by an objection to the charge will require reversal “as long as the error is not
harmless.” Id. (citing Almanza, 686 S.W.2d at 171). However, when the charging-error
complaint is not preserved, the standard is “egregious harm.” Id.
Application
      We initially address the question of whether error exists in the charge. Id. at 170. At trial,
Boyce’s defense counsel objected to the application paragraph in the charge, which states:
Now, if you find from the evidence beyond a reasonable doubt that on or about the 18th
day of July, 2000, in Harris County, Texas, the defendant, Robert Ray Boyce also known
as Robert Jackson, did then and there unlawfully, intentionally, with the specific intent
to commit the offense of aggravated sexual assault of [R.B.], do an act, to wit: ask [R.B.]
to put her mouth on his sexual organ, which amounted to more than mere preparation that
tended to but failed to effect the commission of the offense intended, then you will find
the defendant guilty of attempted aggravated sexual assault.

Specifically, defense counsel objected to the following portion of the application paragraph: “do
an act, to wit: ask [R.B.] to put her mouth on his sexual organ, which amounted to more than mere
preparation that tended to but failed to effect the commission of the offense intended . . . .” 
Counsel argued to the trial court that the quoted portion amounted to the court’s commenting on
the weight of the evidence because it essentially told the jury that the defendant’s alleged “act” of
asking R.B. to put her mouth on his penis constituted the criminal attempt to commit the
underlying offense. The State responded that the application paragraph merely stated the manner
in which Boyce allegedly committed the criminal attempt of the greater offense. In other words,
the State argued that the application paragraph required the jury to initially find beyond a
reasonable doubt that Boyce did the alleged “act,” i.e., “ask [R.B.] to put her mouth on his sexual
organ,” and then determine beyond a reasonable doubt whether that “act” amounted to more than
mere preparation to commit the intended offense. The court agreed with the State’s argument and
overruled counsel’s objection to the charge. On appeal, Boyce raises the same argument that was
rejected by the trial court.
      We have reviewed the application paragraph and the entire charge itself. Doyle, 631 S.W.2d
at 738; McGowan, 938 S.W.2d at 739. We agree with the State that the contested portion of the
paragraph merely requires the jury (1) to find beyond a reasonable doubt that Boyce did “ask
[R.B.] to put her mouth on his sexual organ,” and (2) to determine beyond a reasonable doubt if
that act constituted more than mere preparation to commit the intended offense of aggravated
sexual assault. Accordingly, we conclude that the disputed language does not constitute a
comment on the elements of the alleged offense. Grady, 634 S.W.2d at 317; Smith, 959 S.W.2d
at 27.


 As noted, the paragraph asks the jury to determine if Boyce asked R.B. to put her mouth
on his sexual organ. Therefore, we further conclude that the disputed portion does not assume the
truth of a controverted issue because it clearly asks the jury to decide whether Boyce asked R.B.
or not. Whaley, 717 S.W.2d at 32; Smith, 959 S.W.2d at 27. Thus, we reject Boyce’s argument
that the contested portion amounted to a comment on the weight of the evidence.
      However, on appeal Boyce also contends that the objected-to portion of the application
paragraph violates article 38.05 of the Code of Criminal Procedure, because under that article, the
trial court is prohibited “at any stage of the proceeding previous to the return of the verdict, [from]
mak[ing] any remark calculated to convey to the jury [the court’s] opinion of the case.” Tex.
Code Crim. Proc. Ann. art. 38.05. Boyce did not present this argument at trial, and an
objection based on one ground cannot be used to support a different legal theory on appeal. Cook
v. State, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993). Nevertheless, we must consider the
argument, but if we find error we review for whether “egregious harm” arose from the error. 
Medina v. State, 7 S.W.3d 633, 639 (Tex. Crim. App. 1999). The State did not present any
argument on appeal regarding the alleged article 38.05 violation.
      Because we have already concluded that the disputed language did not amount to a comment
on the weight of the evidence, we similarly conclude, and for the same reasons, that the language
was not “a prejudicial comment [on the evidence] in contradiction to Article 38.05 . . . .” 
Selman, 807 S.W.2d at 312. Therefore, again, we find no error.
      In conclusion, having rejected Boyce’s arguments, we find there was no error in the charge. 
Because we find no error, we need not discuss whether there was sufficient harm to require
reversal. Hutch, 922 S.W.2d at 170-71. Accordingly, we overrule Boyce’s sole issue and will
affirm his conviction for attempted aggravated sexual assault.
CAUSE NO. 10-01-126-CR
Issue presented
      On appeal from his conviction for aggravated sexual assault, Boyce argues that the trial court
erred by overruling his hearsay objection to Dr. Margaret McNeese’s testimony in which she read
statements by R.B. that were made to Dr. Sheela Lahoti of the Children’s Assessment Center and
recorded by Dr. Lahoti in a medical report. The court admitted the statements under the “medical
diagnosis” exception to the hearsay rule. Tex. R. Evid. 803(4). Boyce contends that the
prosecution failed to satisfy the elements of that hearsay exception, and thus, the statements were
inadmissible hearsay.
Preservation of complaint
      We initially consider whether Boyce waived his objection to Dr. McNeese’s reading of
Lahoti’s report by failing to object to the admissibility of the medical report. The State argues that
Boyce waived his complaint because the medical report itself was admitted first into evidence
without limitation and without any objection from defense counsel. The State argues that it was
defense counsel’s responsibility at the time the medical report was offered into evidence to object
to inadmissible portions of that report. The State further contends that since defense counsel failed
to object to the admission of the medical report or any portion thereof, counsel’s subsequent
hearsay objection to Dr. McNeese reading from the report was not timely and had already been
waived. The record reflects that the entire medical report, which included R.B.’s hearsay
statements, was admitted into evidence prior to McNeese reading from it and without objection
from Boyce’s defense counsel. Accordingly, we agree with the State that Boyce waived any
complaint he might have had about the admissibility of R.B.’s hearsay statements contained in the
report. Because Boyce has failed to preserve this issue for our review, we will affirm his
conviction for aggravated sexual assault. Tex. R. App. P. 33.1.
CONCLUSION
      Having addressed Boyce’s arguments in each appeal, we affirm (1) his conviction for
attempted aggravated sexual assault in cause number 10-01-125-CR for which he was sentenced
to prison for sixty years and (2) his conviction for aggravated sexual assault in cause number 10-01-126-CR for which he was sentenced to life in prison and a ten-thousand dollar fine.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed February 20, 2002
Do not publish
[CRPM]