Opinion issued May 31, 2007 

 












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00060-CR






TANEESHA MONIQUE SIMS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 902151




MEMORANDUM OPINION

 A jury convicted appellant, Taneesha Monique Sims, of aggravated assault with
a deadly weapon, a knife. See Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon Supp.
2006). The trial court assessed punishment at four years in prison. We determine (1)
whether the trial court erred (1) by commenting on the weight of the evidence when
giving an instruction to the jury, (2) by permitting the introduction of character
testimony during the punishment phase, and (3) by permitting the introduction of
hearsay testimony regarding alleged prior bad acts during the punishment phase. We
affirm. 

Facts 

 On February 7, 2002, there was a dispute at a nightclub. As a result, several
persons, including the complainant, Tranese Davis, and appellant, were asked to leave. 
Appellant blamed the complainant for having started the dispute. The next day, the
complainant and appellant argued on the telephone and threatened to fight one other.
At some point, appellant threatened to stab the complainant. On February 10, 2002,
appellant discovered that her car had been scratched. She suspected that the
complainant had done it. Appellant put a kitchen knife in her purse before going to
pick up a friend, Aqueelah, to go shopping at the Galleria. The complainant found out
that appellant was going to Aqueelah's apartment, and she went there intending to
fight with appellant. At the complainant's knock, Aqueelah opened the door a crack
to see who was there, the complainant barged in, and the fight with appellant began.
At some point, appellant grabbed her knife and stabbed the complainant in the left side
of her stomach. 

 The complainant collapsed and started vomiting chunks of blood. An
ambulance was called, and the complainant was taken to the hospital. The
complainant did not regain consciousness for a week. She had several surgeries to
treat wounds to her stomach, pancreas, and kidneys. Doctors had to remove her left
kidney and her spleen. As a result of complications, the complainant stayed over
three months in the hospital. 

 In the meantime, having stabbed the complainant, appellant left Aqueelah's
apartment, and she returned to her own residence, where she called the police to come
out so that she could report her suspicions that someone had keyed her car. Appellant
told the officer that she had gotten into a fight and stabbed that person with a knife. 
When the officer asked where the knife was, appellant pointed it out on the coffee
table, and he seized it. Upon confirming that there had been a stabbing, the officer
arrested appellant.

 After getting out of the hospital, the complainant was approached by appellant
at a bar. Appellant started crying, telling the complainant that she was sorry and
asking the complainant to drop the charges. 


Alleged Comment on the Weight of the Evidence

 In her first issue presented for review, appellant contends that the trial court
erroneously commented on the weight of the evidence when it instructed the jury that
"conduct is not rendered involuntary merely because an accused does not intend the
result of her conduct."

 At trial, during the guilt-innocence phase, the trial court submitted two jury
instructions that included the requirement of a voluntary act or omission for
aggravated assault. The first two sentences of the two instructions came directly from
Chapter 6 of the Texas Penal Code: 

 You are instructed that a person commits an offense only if
she voluntarily engages in conduct, including an act, an
omission, or possession. A person does not commit an
offense unless she intentionally or knowingly engages in
conduct as the definition of the offense requires.


 Tex. Pen. Code Ann. §§ 6.01(a), 6.02(a) (Vernon 2003 & Supp. 2006). The
instruction emphasized that appellant cound not be found guilty of having committed
an offense unless she had had one of the two culpable mental states alleged in the
indictment: intentionally or knowingly. In addition, the second instruction included
the statement: "Conduct is not rendered involuntary merely because an accused does
not intend the result of her conduct."


A. Standard of Review

 In preparing and submitting a jury charge, a trial court is prohibited from
expressing any opinion as to the weight of the evidence, from summing up the
testimony, from discussing the facts, or from using any argument in the charge
calculated to arouse the sympathy or to excite the passions of the jury. Tex. Code
Crim. Proc. Ann. art. 36.14 (Vernon 2007). A charge that constitutes a comment by
the court on the elements of the offense charged, or assumes the truth of a controverted
issue, is a comment on the weight of the evidence and is erroneous. Whaley v. State,
717 S.W.2d 26, 32 (Tex. Crim. App. 1986); see Grady v. State, 634 S.W.2d 316, 317
(Tex. Crim. App. 1982). 

 This Court's first duty in analyzing a jury charge issue is to decide whether
error exists. Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). If error
exists in the charge, this Court applies the appropriate harm analysis depending on
whether the error was preserved in the trial court. See id; Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985). If the alleged error is the omission of a
defensive issue, the defendant must show that she timely requested the issue or
objected to its omission because the trial has no duty sua sponte to instruct the jury on
unrequested defensive issues. Posey v. State, 966 S.W.2d 57, 62 (Tex. Crim. App.
1998). Unlike the culpable mental state, which is an element of the offense to be
proved by the State, voluntariness is treated as a defensive issue that must be raised
by the evidence and requested by the defendant to warrant an instruction to the jury. 
See Brown v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997).

B. Analysis

 Appellant argues that, although the jury instruction may appear neutral on its
face, when read as part of the whole charge, and when examined in light of the
evidence presented at trial, it had the obvious effect of singling out testimony-namely
the testimony relating to appellant's claim that the complainant rushed her and made
first contact, and that-when the complainant was stabbed, appellant did not push the
knife into her or move her hand. Appellant asserts that the jury instruction had the
further effect of directing the jury to ignore or to disregard appellant's evidence that
the complainant had impaled herself and, as such, it constituted a prohibited comment
on the weight of the evidence.

 The resolution of the issue in the present case is controlled by Simpkins v. State,
in which the Court of Criminal Appeals stated: Upon examination of the record we find that this
instruction fairly and adequately presented the issue raised
by the appellant's own testimony.

 Appellant specifically complains about the portion of the
charge which states:



 "You are instructed that a person commits an
offense only if he voluntarily engages in
conduct, including an act, an omission, or
possession. Conduct is not rendered
involuntary merely because the person did
not intend the results of his conduct." 


 [Appellant] asserts that the statement is a misdirection of
the law and a comment on the weight of the evidence. . . . 


 The trial court has correctly stated the law as found in
V.T.C.A. Penal Code, Secs. 6.01(a) and 6.02(a). These
grounds of error are therefore overruled.

Id., 590 S.W. 2d 129, 135 (Tex. Crim. App. 1979)(citations omitted). In Dockery v.
State, the same court acknowledged that the Code required both a culpable mental
state and voluntary conduct for a defendant to be found guilty. See id., 542 S.W.2d
644, 649-50 (Tex. Crim. App. 1975). Thus, it is not error for the jury to be instructed
that there is a difference between involuntary conduct and unintentional conduct such
that the absence of one does not dictate the absence of the other. 

 Appellant cites to numerous cases to support her contention that the jury
instruction singled out testimony and constituted an impermissible comment on the
weight of the evidence. See Matamoros v. State, 901 S.W.2d 470, 477 (Tex. Crim.
App. 1995) (holding that instruction concerning reliability of DNA evidence
constituted impermissible comment on weight of the evidence); Zani v. State, 758
S.W.2d 233, 245 (Tex. Crim. App. 1988) (recognizing that instruction can have
obvious effect of singling out testimony and inviting jurors to pay attention); Russell
v. State, 749 S.W.2d 77, 78 (Tex. Crim. App. 1988) (holding that instruction
regarding credibility of expert witnesses was comment on weight of evidence when
only expert witness to testify was defense expert). The cases on which appellant relies
are distinguishable because the instructions in those cases actually did mention
evidence, contrary to the instruction here, which did not mention any evidence. 
Appellant argues that because of the jury instruction, the "jury could have concluded
there was no voluntary conduct on the part of appellant; that the stabbing was the
result of physical contact between the parties--contact initiated by the complainant. 
Yet, nevertheless, the instruction told them to disregard that evidence." We disagree. 
The jury instruction was not adding additional information or commenting on the
evidence, as in the cases that appellant cites. The jury instruction merely informed the
jury that the lack of intent with regard to the result, in and of itself, was not sufficient
to show lack of voluntary conduct. Furthermore, prior instructions had already been
given that commanded the jury to acquit appellant if it found that there had been no
voluntary conduct. 

 Accordingly, the trial court's instruction was not a comment of the weight of the
evidence. We overrule appellant's first issue.


Punishment Evidence

 In her second and third issues presented for review, appellant contends that the
trial court erred in admitting character testimony and hearsay testimony regarding
appellant's prior bad acts during the punishment phase. In her second issue, appellant
specifically complains of the testimony of Officer Terry regarding his opinion of
appellant's character for truthfulness based on a single encounter when he was
dispatched to an incident involving appellant in April 2003. In her third issue,
appellant specifically complains of the testimony of Officers Holub, Terry, Dubois, 
Banes, and Torres, who were dispatched on calls involving appellant on five occasions
from November 2002 to April 2005, while appellant was on bond, as to matters that
appellant told the officers. 

A. Standard of Review

 A trial court has broad discretion in determining the admissibility of evidence
proffered at the punishment stage of trial. Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a)(1) (Vernon 2006) ("[E]vidence may be offered by the state and the defendant
as to any matter the court deems relevant to sentencing"); Henderson v. State, 29
S.W.3d 616, 626 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). The reviewing
court should not disturb a trial court's exercise of discretion in admitting evidence as
long as the ruling is within the "zone of reasonable disagreement." Resendiz. v. State,
112 S.W.3d 541, 544 (Tex. Crim. App. 2003); see Flores v. State, 125 S.W.3d 744,
746 (Tex. App.--Houston [1st Dist.] 2003, no pet.).

B. Character Testimony

 Appellant complains in her second issue of Officer Terry's testimony, regarding
a call that he made to a disturbance involving appellant. During that call, and based
on his observations of her demeanor, the fact that her story kept changing, and the lack
of any visible injuries corroborating her story that she had been assaulted, he formed
the opinion that she was not truthful. Appellant contends that a witness's character
for truthfulness cannot be impeached by proof of specific instances of conduct and that
a witness to a person's truthfulness must be substantially familiar with that person's
reputation, rather than basing an opinion on a single encounter with the person.

 Appellant overlooks the fact that in the incident that the officer recounted,
appellant was committing the offense of making a false report to a peace officer. Tex.
Pen. Code Ann. § 37.08 (a)(1) (Vernon 2003) (providing that "a person commits an
offense if, with intent to deceive, he knowingly makes a false statement that is material
to a criminal investigation and makes the statement to a peace officer conducting the
investigation"). Therefore, because the single encounter involved untruthfulness that
also constituted a criminal offense, Officer Terry's testimony was admissible as
evidence of an extraneous crime or bad act committed by appellant. Tex. Code Crim.
Proc. Ann. art. 37.07§ 3(a)(1) (Vernon 2006).

 Accordingly, we overrule appellant's second issue.

C. Appellant's Statements

 In her third issue, appellant contends that the many statements that she had
made to officers who had been dispatched to incidents in which she had been involved
constituted inadmissible hearsay, to which she timely objected. Appellant's position
is that statements of a party-opponent can be admitted, pursuant to rule 801(e)(2) of
the Texas Rules of Evidence, only when the statement is an inculpatory admission. 
Appellant relies on the dictionary definition of "admission" and civil case law to
support her position.

 The State takes the position that appellant's statements were not hearsay
because (1) they were not offered for the truth of the matter asserted and (2) they were
appellant's own statements offered against her as a party. Tex. R. Evid. 801(d)
("'Hearsay' is a statement, other than one made by the declarant while testifying at the
trial or hearing, offered in evidence to prove the truth of the matter asserted.")
(emphasis added); Tex. R. Evid. 801(e)(2)(A) ("A statement is not hearsay if the
statement is offered against a party and is the party's own statement in either an
individual or representative capacity."). The State explains that appellant's statements
were not offered for the truth of the matters asserted; to the contrary, they were offered
to show that appellant was not telling the truth about incidents she reported to police
officers. The State also takes exception to appellant's position that a statement must
be an admission, i.e., inculpatory, in order to be admissible as a statement against a
party-opponent.

 There seems to be some misunderstanding, demonstrated by the trial court's
statements while ruling on the admissibility of appellant's statements of which she
complains here, as to the requirements of admissibility of a party-opponent's
statement. The misunderstanding was cleared up in Trevino v. State, 991 S.W.2d 849,
853 (Tex. Crim. App. 1999), wherein the Court of Criminal Appeals explained the
requirements and the rationale for admissibility of a party-opponent's statements under
rule 801(e)(2) of the Texas Rules of Evidence. See id.; see also Tex. R. Evid.
801(e)(2). To understand the issue requires an appreciation of the distinction between
statements against interest, a hearsay exception under rule 803(24), and statements of
a party-opponent, which is non-hearsay under rule 801(e)(2). Trevino, 991 S.W.2d at
853. The only requirements for admissibility of an admission of a party-opponent
under rule 801(e)(2) is that it be the party's own statement and that it be offered
against him. Id. The rationale is that a person is estopped from challenging the
fundamental reliability or trustworthiness of his own statements. Id. Of course, for
the very reason that the accused's statements are being offered against him, it
generally means that they are detrimental to him, but it does not follow that they must
be admissions of guilt. As the rule states, it need be only the party's own statement
offered against him, as were all of the statements of which appellant complains here. 
See Tex. R. Evid. 801(e)(2)(A).

 Accordingly, we overrule appellant's third issue.

Conclusion

 We affirm the judgment of the trial court.



 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).