In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00075-CR


______________________________




KIMBERLY PAYNE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court


Marion County, Texas


Trial Court No. 12346




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Though Laddie Biddle (1) had previously told Kimberly Payne not to come onto Biddle's
property anymore, in 2006, Biddle's niece Emma Smith saw Payne in the process of leaving Biddle's
property in Demon Bray's car. (2) Bray, Smith's nephew, lived with Biddle and had a child with Payne. 
Convicted of criminal trespass, (3) Payne now appeals. Payne's appeal contends that the evidence was
legally and factually insufficient to support her conviction and that the trial court commented on the
weight of the evidence in answering a question from the jury. We affirm the trial court's judgment
because we hold that the evidence is (1) legally and (2) factually sufficient and (3) the trial court's
response to a question from the jury did not comment on the weight of the evidence.


(1) The Evidence Is Legally Sufficient


 Payne argues the evidence is legally insufficient to support her conviction. In assessing the
legal sufficiency of the evidence to support a criminal conviction under Jackson v. Virginia, (4) we
consider all of the evidence in the light most favorable to the verdict and determine whether, based
on that evidence and reasonable inferences therefrom, a rational juror could have found the essential
elements of the crime beyond a reasonable doubt. Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim.
App. 2007) (citing Jackson, 443 U.S. at 318-19). 

 The State charged that Payne committed the offense of criminal trespass when she
"unlawfully, knowingly and intentionally enter[ed] property of . . . Lattie Biddle, without the
effective consent of said Lattie Biddle, and [Payne] had notice that the entry was forbidden." Notice
is defined as "oral or written communication by the owner or someone with apparent authority to act
for the owner." Tex. Penal Code Ann. § 30.05 (Vernon Supp. 2007).

 Biddle testified she told Payne, over the telephone, not to come back to Biddle's house and
not to come onto her yard. (5) Payne denied receiving this notice, and said she "never called [Biddle's]
house." Conflicts in the evidence are to be resolved by the jury. In doing so, it may accept one
version of facts and reject another or reject any of a witness' testimony. Penagraph v. State, 623
S.W.2d 341 (Tex. Crim. App. 1981). In so doing, it is the jury's job to judge the credibility of the
witnesses and the weight to be given their testimony, and it may resolve or reconcile conflicts in the
testimony, accepting or rejecting such portions thereof as it sees fit. Banks v. State, 510 S.W.2d 592
(Tex. Crim. App. 1974). 

 Smith testified that, when she arrived at Biddle's property, she recognized Payne, driving
Bray's car, on Biddle's property. (6) A reasonable juror could have found, beyond a reasonable doubt,
that Payne was on Biddle's property after receiving notice not to be there. The evidence is legally
sufficient to support the verdict. 

(2) The Evidence Is Factually Sufficient


 Payne also asserts the evidence was factually insufficient to sustain her conviction. To
determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a
neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). The reviewing court
then determines whether the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight and preponderance
of the conflicting evidence. Id. at 414-15. The jury, as the finder of fact, is the sole judge of the
weight and credibility of the witnesses' testimony. Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon
2007), art. 38.04 (Vernon 1979).

 In the previous section of this opinion, we recounted the evidence of the required elements
of this crime. Payne took the stand and contested the State's evidence that Payne had received oral
notice from Biddle not to come on Biddle's property; Payne stated Bray had given her permission
to be on the property and then to drive his car. Payne also said that, when she left Bray at Biddle's
house, she did not recall seeing him with scratches or a swollen lip or seeing broken glass on the
floor. She similarly said that, as she left the property in Bray's car, she did not see Smith. It was the
jury's place to resolve any conflicts in the evidence. Evidence supporting the verdict is not so weak
as to be clearly wrong or manifestly unjust. Nor is the verdict against the great weight and
preponderance of any conflicting evidence. Accordingly, the evidence in this case was factually
sufficient to support the verdict.

(3) The Trial Court's Response to a Question from the Jury Did Not Comment on the Weight of the Evidence


 Payne asserts that the trial court made a comment on the weight of the evidence when
responding to a jury note. During deliberations, the jury sent a note to the trial court: "Does the 'oral
notice' have to be witnessed by anyone? to be legal." [sic] The trial court wrote back, "No, Notice
must be given. It is your decision whether it was given or not." Payne objected at trial, and contends
on appeal, that the trial court's response constituted a comment on the weight of the evidence. 

 A trial court, in preparing and submitting a jury charge, is prohibited from expressing any
opinion as to the weight of the evidence, from summing up the testimony, from discussing the facts,
or from using any argument in the charge calculated to arouse the sympathy or to excite the passions
of the jury. Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007). A charge that constitutes a
comment by the court on the elements of the offense charged or assumes the truth of a controverted
issue is a comment on the weight of the evidence and is erroneous. Whaley v. State, 717 S.W.2d 26,
32 (Tex. Crim. App. 1986); Grady v. State, 634 S.W.2d 316, 317 (Tex. Crim. App. 1982).

 Payne argues that, because the jury's question did not specify what notice was being asked
about, the court's initial answer "No" assumed that some notice had been given and was, therefore,
an improper comment. Despite Payne's expressed concern about just what "notice" the jury's
question referred to, the only notice at issue, in this case or in the context of a charge of criminal
trespass, is the defendant's notice that he or she was not to be on the property at issue. It is true that
the trial court's first responsive word, "No," if taken alone, might be construed various ways. But,
looked at as a whole, the trial court's response was plain: "It is your decision whether it was given
or not." This clearly told the jury: (a) notice is required and (b) whether notice was given is a
decision for the jury to make.

 The only case cited by Payne in support of her argument involved convictions for injury to
a child. Villanueva v. State, 194 S.W.3d 146 (Tex. App.--Houston [1st Dist.] 2006), aff'd in part,
rev'd in part, & remanded, 227 S.W.3d 744 (Tex. Crim. App. 2007) (reversed on double jeopardy
grounds). There, the State had alleged Villanueva had caused serious bodily injury to the child
victim by shaking or striking the child. Id. at 152. The jury charge had failed to include the statutory
definition of deadly weapon. The charge's application paragraph read, in pertinent part, 

 if you find . . . VILLANUEVA, did . . . cause serious bodily injury to [G.V.], a child
. . . by shaking the said [G.V] with his hand or hands, a deadly weapon, or by striking
the said [G.V.], with and against an object, a deadly weapon, the exact nature and
description of which is unknown to the Grand Jurors, or any combination thereof,
you will find the defendant guilty as charged in Count I of the indictment.


Id. at 154. The court rejected Villanueva's contention that the lack of the deadly weapon definition
combined with the wording of the charge amounted to a non-neutral instruction, and, as such, a
comment on the weight of the evidence. Id. at 157-58.

 Payne claims that the trial court's response to the jury's question reduced the State's burden
of proof regarding whether Payne was on notice to stay off Biddle's property. The Villlanueva court
analyzed a similar argument in terms of charge error. (7) We agree with our sister court's approach. 
In addressing purported charge error, a reviewing court first must determine whether there was error
in the charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). In the instant case, we
see no error in the trial court's instruction. It takes the narrowest of parsing to construe the trial
court's "No" answer to the jury as conveying an assumption that notice was in fact given, but need
not be witnessed. As we pointed out above, the trial court's note states, "It is your decision whether 


it was given or not." Because this is a correct statement of law, no error is present. We overrule this
point of error.

 We affirm the judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 16, 2007

Date Decided: November 20, 2007


Do Not Publish
1. In the reporter's record, Biddle's first name is given as Laddie, but is referred to in the
indictment as "Lattie."
2. Bray lived with Biddle; and, although Bray was the nephew of Biddle's niece Smith, Biddle
said she considered him her grandson. Bray had been living with Biddle after he had undergone
hospitalization for failing kidneys. On at least one occasion, Biddle, Bray, and Payne had a heated
dispute on Biddle's property and Biddle had told Payne to leave. Payne and Smith also had a
confrontation that led to the women striking each other. On another occasion, Biddle said Payne
called Biddle's house repeatedly, harassing a female guest of Bray. Over the telephone, Biddle told
Payne not to come on her property and to stop calling. On July 27, 2006, Smith received a call from
Bray, asking her to come to Biddle's house. Smith said that, because Bray sounded upset on the
telephone, she immediately went to the house. As she arrived, she saw Payne leaving in Bray's car.
Smith stated that, when she entered the house, she saw Bray looking "exhausted. He was sweaty. 
He was scratched up in the face." She said he was breathing heavily and there was broken glass on
the floor. Smith called the sheriff's office, then Biddle. Biddle testified that, when she arrived home,
she noticed that Bray had scratches on his face and a swollen lip and that there was broken glass on
the living room floor. 
3. The trial court sentenced Payne to 120 days in jail, then probated that sentence; Payne was
also ordered to pay court costs and a fine of $200.00.
4. 443 U.S. 307, 318-19 (1979).
5. Smith also testified, without objection by Payne, that Biddle had told Payne to stay off her
property. Such testimony may be given probative value by the finder of fact. See Poindexter v.
State, 153 S.W.3d 402, 406 n.15 (Tex. Crim. App. 2005); Chambers v. State, 711 S.W.2d 240,
245-47 (Tex. Crim. App. 1986).
6. Although Payne contends in her appellate brief that the State did not explain Bray's absence
at trial, Biddle testified that, on the day of trial, Bray was at work in Longview. 
7. When a trial court responds substantively to a jury question during deliberations, that
communication essentially amounts to an additional or supplemental jury instruction. Daniell v.
State, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993). But see Earnhart v. State, 582 S.W.2d 444,
450 (Tex. Crim. App. [Panel Op.] 1979) (holding that communication from the court that merely
refers the jury to the original charge is not an "additional instruction").