In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-1078

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GREG L. MURRAY,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:02-CR-30131-001-GPM—**G. Patrick Murphy**, *Chief Judge.*

———————

ARGUED DECEMBER 6, 2006—DECIDED JANUARY 24, 2007

———————

Before POSNER, RIPPLE, and WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* A jury convicted the defendant of participating in a drug conspiracy in which a gun was used and a death resulted from that use, and the judge sentenced him to life in prison. Together with two other men, Hines and Trice, the defendant had agreed to rob another cocaine dealer, who two years earlier had failed to deliver to Trice cocaine that Trice had paid for. In the course of the robbery, the defendant (according to the government's evidence) shot and killed the dealer. The only issue presented by the appeal that warrants discussion is whether the judge was right to exclude the

"reverse Rule 404(b) evidence," as the parties call it (a more descriptive term would be "nondefendant Rule 404(b) evidence"), that the defendant offered.

Rule 404(b) of the Federal Rules of Evidence makes inadmissible "evidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith"—to show in other words that he has a "propensity" to commit crimes. E.g., *United States v. Leahy*, 464 F.3d 773, 797 (7th Cir. 2006); *United States v. Irving*, 452 F.3d 110, 119 (2d Cir. 2006). The prohibition is generally invoked by defendants to bar evidence of *their* other crimes, the fear being that a jury might convict a person who has a propensity to commit crimes without worrying too much about whether the government has proved his guilt of the crime of which he is currently accused beyond a reasonable doubt. *United States v. Paladino*, 401 F.3d 471, 474-75 (7th Cir. 2005). But the prohibition is not absolute. Evidence of "other crimes, wrongs, or acts" ("other crimes" evidence for short) may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," unless its probative value is likely to be substantially outweighed by its prejudicial effect on the jury.

Occasionally, as in the case before us, the government rather than the defendant invokes Rule 404(b), in order to prevent the defendant from using the "other crimes" of *another* person to try to shift the blame to that person. Concern with the poisonous effect on the jury of propensity evidence is minimal in such cases. *United States v. Seals*, 419 F.3d 600, 606-07 (7th Cir. 2005); *United States v. Williams*, 458 F.3d 312, 316 (3d Cir. 2006); *United States v. Lucas*, 357 F.3d 599, 605 (6th Cir. 2004). Since the jury is not being

asked to judge that other person, "the primary evil that may result from admitting such evidence against a defendant—by tainting his character—is not present." *Id*. Even if the evidence causes the defendant to be acquitted, and the other person is put on trial, *his* guilt or innocence will be determined on the basis of the evidence in his case, and not on the basis of the other crimes he committed.

In the vast run of such cases, the only serious objection to the evidence is that its probative value is slight, as it may just amount to pointing a finger at someone else who, having a criminal record, *might* have committed the crime the defendant is accused of committing. A jury is unlikely to acquit a defendant even if it thinks there's someone else out there who has a propensity to commit such crimes, so that in such a case Rule 403's balancing test (whereby relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues," etc.) is all one needs to keep "other crimes" evidence within bounds. *United States v. Seals, supra*, 419 F.3d at 606; *United States v. Williams, supra*, 458 F.3d at 316; *United States v. Stevens*, 935 F.2d 1380, 1384, 1404-06 (3d Cir. 1991). And unless the other crime and the present crime are sufficiently alike to make it likely that the same person committed both crimes, so that if the defendant did not commit the other crime he probably did not commit this one, the evidence will flunk Rule 403's test. Cf. *United States v. Stevens, supra*, 935 F.2d at 1406.

Some cases pass the test, as explained in *United States v. Aboumoussallem*, 726 F.2d 906, 911-13 (2d Cir. 1984):

> In *United States v. McClure*, 546 F.2d 670 (5th Cir. 1977), the trial judge had rejected as irrelevant an accused drug dealer's proposed evidence that a DEA informer

coerced three other individuals into selling drugs to undercover DEA agents. The Fifth Circuit reversed. The Court held that under Rule 404(b) "evidence of a systematic campaign of threats and intimidation against other persons is admissible to show lack of criminal intent by a defendant who claims to have been illegally coerced." *Id.* at 672-73. In *United States v. Robinson*, 544 F.2d 110 (2d Cir. 1976), this Court found error in the trial court's refusal to permit an accused bank robber to prove mistaken identity by showing that a third man, who resembled the accused, had committed two other bank robberies six days prior to the robbery at issue. . . . What Yagih [in *Aboumoussallem*] sought to prove was that Nazih and Pierre had a plan to import narcotics from Lebanon into the United States using duped couriers. The existence of such a plan would lend some support to the inference that Yagih was duped and thereby bolster his defense of lack of knowledge.

The common element in these cases is proof of a pattern of criminal conduct by a third person and that the present case fits the pattern. Does it in this case?

Trice and Hines, the defendant's two coconspirators and the only eyewitnesses to the shooting, are cousins. In a previous *contretemps* that Trice had had over drugs—a theft of marijuana from him—another cousin of Trice's had shot and killed the thief. The defendant argues that the earlier crime is evidence of a distinctive crime style or pattern—enlisting a cousin to kill for you to protect your drug business—that points to Hines as the trigger-man in the present case and thus fits the mistaken-identity exception in Rule 404(b). See, e.g., *Holt v. United States*, 342 F.2d 163, 165-66 (5th Cir. 1965). Now it is true that

even if the defendant was not the triggerman, his conviction would be unaffected. The *Pinkerton* doctrine would make the defendant liable for the killing even though one of his coconspirators had pulled the trigger, since it is foreseeable that an armed robbery of a drug dealer may result in a death. However, the sentence might be affected. Some judges would give the conspirator who had pulled the trigger a lighter sentence than the triggerman, *Sellers v. Estelle*, 651 F.2d 1074, 1077 (5th Cir. 1981), an exercise of lenity that was permissible even before the federal sentencing guidelines were demoted to advisory status. *Sims v. Singletary*, 155 F.3d 1297, 1316 (11th Cir. 1998). For even in that bygone era a judge had essentially unreviewable discretion to move a sentence up or down within the guidelines range.

Because the nondefendant Rule 404(b) evidence was relevant only to the sentence, it should not have been admitted at the trial, but instead reserved for the sentencing hearing. (Such evidence is relevant to guilt, however, in cases in which the nondefendant witness was not a coconspirator of the defendant.)

The defendant argues that all that the judge should have considered in deciding whether to admit the evidence of the murder by the other cousin was whether that crime was "sufficiently similar" to the crime of which Murray was accused to be relevant to a determination of his guilt or innocence. That formula appears in many of the nondefendant Rule 404(b) cases. But what the judge said, without intoning the canonical but none too precise formula of sufficient similarity, was quite sensible: "What you are looking at is there are some crimes that they're distinctive, they're so distinctive that we can look at the crimes and somebody's name comes to mind, so to

speak, or you can connect it with some other crime, or something special about it. And some defendants are clever, or unique, or gifted or talented, or particularly stupid so that they always do it the same way." The other crime and the crime of which the defendant is accused must be sufficiently similar to make it likely that whoever committed the other crime committed this crime as well, and that standard will not be satisfied unless there is something distinctive about all the crimes that makes them form a pattern, rather than their having merely a chance resemblance. Without insistence on more than mere "similarity," criminal trials may get out of hand, as defendants cast for other criminals—fishing in a vast sea—on whom to pin their crime.

Our defendant failed to prove a pattern. Violence, sometimes resulting in death, is not a distinctive method of resolving disputes over illegal drugs, since the dealers in those drugs cannot use the legal system to protect property rights and repair or deter breaches of contract. For the same reason, it is common to bring family members into a conspiracy; they are more trustworthy than strangers. Trust substitutes for law—the tie of blood for the tie forged by the availability of legal remedies to make whole and deter. Moreover, the cousin who committed the earlier murder had thought he was protecting Trice from the thief; protection is not an issue in the present case. Murray's attorney argued to the district judge that the evidence of the earlier murder should be admitted in order to allow the jury "to hear the whole story [of] exactly what kind of person Trice is." That would be an attempt to prove propensity rather than pattern.

Finally, had there been any error in the exclusion of the evidence, it would have been harmless, since the

defendant had admitted to several persons that he was the killer.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*