**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued February 12, 2009
Decided March 20, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2119

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 07 CR 18 |
| ANTONIO EUBANKS, *Defendant-Appellant*. | John Daniel Tinder, *Judge*. |

**O R D E R**

Antonio Eubanks was convicted of being a felon in possession of a firearm. Eubanks appeals his conviction, arguing that the district court erred in excluding evidence that his girlfriend, who was present at the scene of the arrest, had a prior conviction for possession of a firearm without a license. We affirm.

**I.**

On October 28, 2006, Tamika Croom, an employee at the Family Dollar Store in Indianapolis, called 911 to report that a man and woman, later identified as Antonio

Eubanks and Lafonda Maffett, were seen shoplifting inside the store. Although the duo were pilfering some items from the store, to cover their tracks they went to the checkout counter to pay for some merchandise. While they were checking out, Croom saw Eubanks reach down and pick up a black handgun that had fallen on the floor near his pant leg. As Eubanks picked up the weapon, he told Croom that he needed the gun for protection because the neighborhood around the store was dangerous. Croom told the 911 dispatcher (who had remained on the line) that the shoplifters were leaving the store and that the male suspect had a gun.

While Eubanks and Maffett were in the store, police officers arrived outside the store and awaited the suspects' departure. As Eubanks and Maffett exited, the responding officers received word from dispatch that the male suspect was armed. After leaving the store, Eubanks and Maffett entered a red car that was driven by Pamela Hanley. Maffett entered the front passenger seat and Eubanks sat in the rear passenger seat. The officers immediately blocked in the car. As they approached the vehicle, the officers noted that Eubanks was looking nervously over his shoulder at them. They also saw Eubanks bend forward two or three times toward the front passenger seat. Officer Carver believed that Eubanks was trying to put something under the front passenger seat. The officers also observed Maffett, but she was not looking around, making any sudden movements, or bending forward in a manner consistent with putting something under her seat.

The officers ordered the threesome out of the car, handcuffed them, and patted them down. Officer Hornaday then looked in the car with his flashlight and announced "[w]e got a gun." Officer Cottey, the reporting officer, walked over to the car and observed a black .40 caliber pistol "halfway underneath the passenger seat and halfway lying on the floorboard where [Eubanks'] feet would have been." Maffett responded almost immediately "that's mine," but as soon as she said this, Eubanks adamantly told the officers: "no, that's my gun" and "that's mine man." Eubanks continued to insist the gun was his. After receiving his *Miranda* warnings, Eubanks again admitted ownership of the firearm, stating: "I'm not going to lie. I'm a man. I'll take the heat for my stuff not put it on someone else." The officers ran a background check on Eubanks and learned he was a convicted felon. At some point during the arrest, the officers also ran a criminal history check on Maffett and announced, within Eubanks' earshot, that Maffett had a felony conviction.

Based on the above events, a grand jury indicted Eubanks on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Eubanks pleaded not guilty and proceeded to trial. Before the start of trial, Eubanks' attorney stated that she wanted to present evidence that Maffett was also a convicted felon, but that she would not seek to inform the jury of the specific felony. However, the following day defense counsel

reversed course and indicated that she wanted to present evidence not only that Maffett was a convicted felon, but that she was convicted of carrying a handgun without a license. The government argued that Maffett's prior conviction was irrelevant and therefore inadmissible under Fed. R. Evid. 401, or at a minimum inadmissible under Fed. R. Evid. 403 because any probative value was outweighed by unfair prejudice. The district court concluded that details of Maffett's specific felony conviction would constitute improper character evidence, but that it would admit evidence that Maffett was a convicted felon. Eubanks then argued to the jury that the gun belonged to Maffett, but that he took the blame for possessing the gun to protect her. The jury rejected Eubanks' defense and convicted him of possession of a firearm by a felon. The district court sentenced him to 87 months' imprisonment. Eubanks appeals.

## II.

On appeal, Eubanks argues that the district court erred in excluding evidence that Maffett had a previous felony conviction for possession of a handgun without a license. Eubanks argues that this evidence was relevant to show that Maffett knew the serious consequences she could suffer for possessing a firearm, thus explaining why she let Eubanks take the blame for the gun after having initially claimed ownership of the gun. After weighing the probative value of the evidence against the danger of unfair prejudice, the district court ruled that the fact that Maffett was a convicted felon was admissible, but not evidence that the conviction was for carrying a handgun without a license.

This court reviews the district court's evidentiary ruling for an abuse of discretion. *United States v. Savage*, 505 F.3d 754, 760 (7th Cir. 2007). Even if we assume that evidence of Maffett's specific felony offense was relevant, the district court did not abuse its discretion in excluding this evidence. Rule 404(b) expressly excludes character evidence, providing that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."[1] Fed. R. Evid. 404(b). While Rule 404(b) allows the admission of evidence of other crimes for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," such evidence is inadmissible if its probative value "is substantially

---

[1] While Rule 404(b)'s prohibition on the admission of evidence of other crimes, wrongs or acts is typically "invoked by defendants to bar evidence of *their* other crimes," the government may similarly "invoke[] Rule 404(b), in order to prevent the defendant from using the 'other crimes' of *another* person to try to shift the blame to that person." *United States v. Murray*, 474 F.3d 938, 939 (7th Cir. 2007) (emphasis in original).

 outweighed by the risk of unfair prejudice." *United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008).

The probative value of Maffett's specific felony was slight given that the evidence admitted fully allowed Eubanks to argue his theory of defense to the jury. Specifically, Eubanks' theory of defense was that the gun was Maffett's, as she had first claimed, but that she remained silent once Eubanks took responsibility for the gun because she knew the consequences of possessing a firearm. The district court admitted as evidence that Maffett had a prior felony conviction and her initial statement of ownership. This evidence provided the same factual basis for Eubanks' theory of defense, allowing him to argue to the jury that Maffett allowed him to take the fall because otherwise she might be the one facing the felon-in-possession charge. Any additional probative value flowing from the admission of Maffett's specific felony was substantially outweighed by the risk that the jury would believe Maffett was responsible for possessing the gun merely because she previously had possessed a gun. Accordingly, the district court did not abuse its discretion in excluding evidence of the specific type of felony for which Maffett was convicted.

Furthermore, even if the district court erred in excluding evidence of the nature of Maffett's prior felony, any error was harmless. As mentioned above, the probative value of the specific name of Maffett's felony was slight and the evidence against Eubanks was overwhelming. In this case, the jury heard testimony that Croom saw Eubanks pick up the gun in the store while commenting that he needed the gun because the neighborhood was dangerous, thus establishing that Eubanks possessed the gun while in the store. Once outside the store, the officers recovered the gun from the area in which Eubanks was sitting in the car, and before recovering the gun witnessed Eubanks (but not Maffett) bending over as if to hide something under the seat. That evidence, coupled with Eubanks' consistent and vehement post-arrest statements of ownership, overwhelmingly supported the jury's conviction and rendered any evidentiary error harmless.

**III.**

The district court did not abuse its discretion in excluding evidence that Maffett's felony conviction was for possession of a gun without a license. Even if the district court did err, any such error was harmless. For these and the foregoing reasons, we AFFIRM.